LUTHER E. HALL, Judge ad hoc.
Defendants prosecute this appeal from a judgment of the district court of St. Bernard Parish condemning them in solido-in the sum of $1,057.20 damages for personal injuries suffered by the plaintiff in an accident which happened March 8, 1950 on the Shell Beach Highway in St. Bernard' Parish.
Plaintiff, while attempting to walk across the highway in front of his residence, was run into and injured by a truck driven by one of the defendants and owned by the other defendant, his employer.
Plaintiff’s residence is situated on the upriver or New Orleans side of the Shell Beach Highway between the village of St. Bernard and Poydras Junction. The highway is a paved double-lane highway with ten foot shoulders on each side. The paved portion of the highway is estimated to be between thirty feet and thirty-five feet wide. Paralleling and bordering the highway on the side opposite plaintiff’s residence is a small canal or bayou known as Bayou Terre au Boeuf.
Plaintiff testified that on the day of the accident he left his residence for the purpose of proceeding on foot along the highway to some point in the direction of New Orleans. In doing this it was his intention first to cross the highway to the Bayou Terre au Boeuf side and then turn to his right in the direction of New Orleans so that he would be then facing traffic proceeding from New Orleans on that side of the highway.
Plaintiff testified that before starting across the highway he looked in both directions and seeing no vehicles approaching either direction he stepped out on the pavement and proceeded directly across. The next thing he knew he heard a screech of brakes and almost simultaneously was struck on his left side and dragged about *731 ten feet, receiving a broken rib, a badly lacerated scalp and sundry contusions.
According to plaintiff’s testimony, the point of impact was about two feet from the edge of the pavement on the Bayou Terre au Boeuf side of the highway. He, at no time prior to the accident, had seen the truck which hit him and had heard no horn or other warning from the truck except the final screech of the brakes.
Before the accident happened, the truck which struck the plaintiff had been proceeding toward New Orleans in the proper lane of traffic on the side of the highway on which plaintiff’s residence is situated. The driver testified that when he was about two hundred feet distant he saw the plaintiff approaching the highway from his residence and -blew his horn, simultaneously taking his foot off the accelerator to reduce his speed. He further testified that plaintiff apparently heard the warning because plaintiff looked toward him and stopped on the shoulder before setting foot on the pavement, giving every indication, according to the driver, that he would wait until the truck had passed.
Thereupon, the driver testified, he placed his foot back on the accelerator and resumed his speed, but when his truck had approached to within ten feet of the plaintiff, the plaintiff suddenly stepped out upon the pavement.
The driver testified he jammed on his brakes and swerved to the left, but could not avoid the accident.
The driver of the truck states that the right side of his bumper struck plaintiff and places the point of impact about two feet over the center line of the paved portion of the highway.
After the impact the truck continued across the highway and stopped momentarily on the edge of Bayou Terre au Boeuf facing the Bayou on a slight angle towards New Orleans. After the driver had alighted to give aid to the plaintiff, the truck for some reason ¡rolled on into the Bayou.
Both plaintiff and defendant place the point of impact beyond 'the center of the pavement. According to plaintiff he had almost reached the opposite side of the road when hit, while defendants admit that plaintiff had gotten at least two feet beyond the center of the pavement.
Since the pavement is between thirty and thirty-five feet wide, plaintiff had walked at least seventeen feet across the pavement before he was hit. The driver’s story that plaintiff did not put foot on the pavement until the truck was within ten feet of him is therefore absolutely impossible of belief.
While plaintiff was patently negligent in attempting to cross the highway without looking for or without seeing the on-coming truck, if he did look; and while plaintiff’s negligence continued down to the moment of impact, that fact does not absolve defendants, if the truck driver could have avoided the accident after actual discovery 1 of plaintiff’s peril or if he could have avoided the accident after, he is bound in law to have discovered the plaintiff’s peril. Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153.
According to the driver’s own testimony he saw the plaintiff on the shoulder when he was two hundred feet away. Whether he saw him or not, he could and should have seen him walking out on the pavement in ample time to have avoided the accident. This is not one of those cases where the injured party suddenly and without warning steps out onto a street or highway in the path of an on-coming vehicle. As we have pointed out, the truck driver’s testimony to that effect is unbelievable.
The trial court awarded plaintiff the sum of $1,057.20 itemized as follows:
Pain and suffering.$ 500.00
Hospital and doctors. 200.00
Loss of earnings for 8 weeks $44.65 per week. 357.20
The latter two items have been amply proven.
The plaintiff did not produce any medical testimony as to his injuries, and his testimony stands alone on- that question. However, we believe it is sufficient to show that plaintiff sustained a broken *732 rib, had two gashes in his scalp which had to be sutured, and suffered painful contusions about the chest and body. He was confined to a hospital for over twenty days. The letter written by plaintiff’s attending physician to plaintiff’s counsel, which is in the record, of course does not constitute evidence, nor does the uncertified copy of the hospital record. The mere fact that plaintiff failed to produce medical testimony would not of itself deprive him of his right of recovery from the defendants for his injuries. See Cade v. Tafara, La.App., 34 So.2d 72. The lower court saw and heard plaintiff’s testimony, and had the opportunity of observing him on the witness stand, and it is obvious that the judge believed him, and we believe that the award of $500 for personal injuries does substantial justice, in view of the shape of the record. The award cannot be revised upward because plaintiff did not himself appeal from the judgment, nor did he answer defendants’ appeal.
For the foregoing reasons, the judgment of the district court is affirmed.
Affirmed.
JANVIER, J., takes no part.