AYRES, Judge.
This action in tort results from a three-motor-vehicle collision. The scene of the accident is Louisiana Highway No. 1, a concrete paved, four-lane thoroughfare about one mile north of the municipal boundary of the City of Shreveport. The north and southbound traffic lanes are separated by a sixteen-foot neutral ground. The highway is generally straight and level for approximately three-quarters of a mile south of the scene of the accident.
Involved were the 1958 Model Ford of Raymond R. Rossi, plaintiffs’ 1956 Chevrolet, and defendant Jackson’s 1951 Model Ford. All were proceeding north, in the above order, in the left, or inner, lane for northbound traffic at a speed estimated at from 40 to 50 miles per hour,- and maintaining an intervening distance of from 40 to 80 feet. The accident occurred about 12:30 p. m. December 8, 1958. The weather was clear and the visibility excellent.
Plaintiffs are Leon and his wife, driver of the family automobile, and his collision insurer, Allstate Insurance Company. Made defendants are Jackson and the State Farm *104 Mutual Automobile Insurance Company, public liability insurer of the Rossi automobile.
Damages are sought for personal injuries sustained by Mrs. Leon, for hospital and medical expenses incurred in the treatment thereof, for loss of her wages, and property damage to the automobile.
Negligence charged to Jackson consists of his failure to maintain a proper lookout or keep his vehicle under control, and in following plaintiff’s vehicle too closely, driving at an excessive rate of speed, and running into the rear of plaintiffs’ automobile. Louis Hussing, driver of the Rossi automobile, was charged with negligence consisting of his failure to maintain a proper lookout and an attempt to make a “U” turn without first ascertaining the maneuver could be made in safety and without unduly delaying the normal movement of other traffic. Defendants charged Mrs. Leon with negligence and, in the alternative, with contributory negligence substantially as charged to defendants’ drivers, as well as her failure to give a signal or warning of her intention to suddenly slow down or stop her vehicle.
After trial, the court concluded plaintiffs had not sustained their burden of proof and established Jackson’s negligence to a legal certainty by a reasonable preponderance of the evidence. From a judgment thus rejecting their demands, plaintiffs have appealed.
The issues presented for resolution are purely factual in character. The material facts as to the occurrence of the accident are either uncontroverted or have been established beyond successful contradiction. We therefore deem it unnecessary to enter into a detailed summation of the testimony of each of the witnesses. A general statement of the conclusions reached from a consideration of the whole of the testimony is deemed sufficient.
By the testimony of Hussing and his companions, it is established that after they left Shreveport they resolved to return to-the city for lunch, whereupon, on seeing a crossover to the southbound lane, about 225 feet ahead, Hussing began to reduce his speed, placed in operation his turn indicator and, on reaching and heading toward the crossover, reduced his speed to approximately five miles per hour. Mrs. Leon, in the car immediately to Hussing’s rear, observed Hussing’s signals and reduction in speed and, accordingly, reduced her own speed as she approached the crossover, also, to approximately five miles per hour. Although she applied her brakes and her brake lights flashed a warning to the rear as she began to slow her pace, Jackson nevertheless never saw, and consequently did not recognize or heed, the signal, or warning, given until at such time, according to his own testimony, he had neither time nor opportunity to avoid the accident; nor could he maneuver his vehicle so he claimed, to the right lane, because of approaching traffic.
The speed of neither vehicle could be classified as excessive under usual and ordinary circumstances. Their speed was considerably less than the maximum limit of 60 miles per hour. That Hussing gave a timely and effective warning of his intention to make a left turn across the neutral ground is clearly established. The signal was seen by Mrs. Leon, who began to reduce her speed by the gradual application of her brakes. No negligence can therefore be attributed to Hussing.
Jackson, however, claims not to have seen Hussing’s signals. That may be true, as the Leon vehicle’s intervention probably obstructed his view. Nevertheless, he eventually did observe Mrs. Leon’s reduction in speed, after which he surveyed the traffic situation in the adjoining lane. Even after seeing that traffic conditions in the lane to his right prevented his entry into that lane, he never, at any time, applied his brakes or took other evasive action. If he had neither time nor opportunity to take any effective action to avoid the accident, *105 such deficiency in time and distance was due to, and resulted from, his failure to keep or maintain a proper lookout, particularly in view of the close proximity of 40 to 50 feet at which he was following the Leon car. Jackson’s failure in this respect was gross negligence.
That the duty of those in charge of automobiles to look ahead and observe never ceases and, in legal contemplation, what they can see they do see, and the failure to see that which could have been seen by the exercise of due diligence constitutes negligence is so thoroughly established in the jurisprudence to make unnecessary the citation of authority.
Nor do we find any merit in the contention that Mrs. Leon was negligent in not giving a manual signal when she reduced the speed of her automobile in compliance with the signal and warning given by the driver of the Rossi car. As stated, she applied her brakes and the flashing of the brake lights constituted, under the circumstances of this case, sufficient warning of her intention to reduce the speed of her car or to eventually bring it to a stop. Such signal is given general recognition.
In giving due consideration and weight to all the testimony of all the witnesses, the conclusion is inescapable that Jackson’s negligence constituted the sole and proximate cause of the accident and that, accordingly, he should respond to plaintiffs in damages.
In assessment of damages, a rule is recognized that the defendant’s ability or lack of ability to respond in judgment may be taken into account. In the instant case, defendant owns no property other than the residence in which he lives. He has no income other than $64 a month from social security and, therefore, may be said to be impecunious. He carried no public liability insurance.
With the aforesaid principle in mind, the matter of quantum will be given consideration. Damages to the Leon automobile were stipulated in the sum of $1,218, which has been paid by Allstate Insurance Company, other than $50 deductible as provided by the terms of the policy. For medical and hospital expenses incurred and to be incurred, Leon has expended, and will expend, the sum of $760.93.
The personal injuries sustained by plaintiff consisted of two broken teeth which the testimony reveals will eventually have to be removed at an expense of $200, which amount is included in the aforesaid medical and hospital expenses. Her lower lip was lacerated, requiring suturing. Both legs were bruised; and an artery broken, requiring two operations. Plaintiff was hospitalized from December 8, the date of the accident, to December 11, 1958, on a first occasion, and, on a second occasion, from December 29; 1958, to January 3, 1959, and, on a third occasion, from January 6 to January 15, 1959. Her condition required the use of crutches until February 5, 1959; she was unable to return to work until February 11, 1959.
Taking into consideration defendant’s lack of ability to respond in damages, as well as the fixed damages to which we have heretofore referred, we have concluded that $2,000 for the pain, suffering, disability, and loss of teeth sustained by Mrs. Leon is adequate under the circumstances.
Because of her injuries, an additional expense of $60 was incurred for maid service, and a loss of wages and commissions in the sum of $319 was sustained. Recovery should be had for these items.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside, and it is now ordered, adjudged and decreed that there be judgment herein in favor of each of the plaintiffs and against the de* *106 fendant, John W. Jackson, for the following amounts:
Dan Sam Leon ' $1,189.93
Mrs. Loreha B. Leon 2,000.00
Allstate Insurance Company 1,168.00,
respectively, with legal interest on all of .said sums from judicial demand until paid, and costs.
Reversed and rendered.