YARRUT, Judge.
These two suits were consolidated for trial because they involve the same parties and the same accident.
Plaintiffs, aged 51 and 53 respectively, are the sole surviving sons and children of their 75-year-old father, and his pre-deceased wife, their mother. Defendants are the St. Charles Parish School Board; its liability insurer, Marquette Casualty Company; and Lester M. Hackman, driver of the School Board’s pickup truck involved in the accident which resulted in the death of Plaintiffs’ father.
Plaintiffs’ father was killed almost instantly on a state highway, as explained hereinafter, which Plaintiffs charge was due to the negligence of the truck driver in not observing his crossing the highway, and in failing to stop his truck in time to avoid the accident. Defendants deny negligence and, in the alternative, plead the contributory negligence of the father in attempting to cross the highly travelled highway in an improper place; in not according the truck the right-of-way; and generally for not keeping a proper lookout and for not being attentive to the conditions then prevailing.
Plaintiffs seek damages of $60,000.00 for loss of companionship and affection of their father; for his intense pain and suffering before he died; for loss of his services; and for their own mental shock and suffering resulting from his death; and burial cost.
The district court rendered judgment for both plaintiffs jointly for $7,500.00, and in favor of Elmore O. Lanaux alone for $688.-80, the cost of the funeral, with legal interest from judicial demand and all costs only-against defendant Casualty Company. The Casualty Company has appealed. Plaintiffs answered the appeal asking for an increase in the award to $15,000.00 jointly.
At the trial it was stipulated that the accident occurred on April 14, 1959, at 11:30 a. m., on Jefferson Plighway, near Arnoult Road, in Jefferson Parish, Louisiana; that the father of Plaintiffs died at 12:15 p. m., *825 the same day, at a nearby hospital, from injuries diagnosed as laceration of the heart, right ventricle, left hemothorax, laceration of the liver and hemoperitoneum; that at the time of death deceased had bilateral cataracts. It was also stipulated the School Board owned the truck and the driver, Hackman, was its authorized agent, and the Casualty Company is its liability insurer.
There were only two eyewitnesses to the accident who testified at the trial, the truck driver, Lester Hackman, and Bernard La-tuso, the latter having observed the accident from atop a building overlooking the highway, while at work as an employee of the East Jefferson Parish Water Works.
Hackman testified he was unable to observe decedent on the neutral ground due to the heavy flow of traffic in the adjoining two left lanes which' obstructed his view; that he was unaware of decedent’s presence until he suddenly emerged from in front of another truck in the second lane to his left, at a time when he, Hackman, was almost abreast of this vehicle, and unable to avoid striking decedent.
Latuso testified that he continued to observe decedent’s actions from the time he was on the neutral ground dividing the highway until the moment of impact and, contrary to Hackman, testified that traffic was not heavy but, to the contrary, there were only two trucks in the area in the eastbound traffic lane. He also testified that there were no objects which could have prevented Hackman from seeing Lanaux, particularly since Hackman was traveling to the right about four or five car lengths behind the truck in the adjoining left lane.
In his reasons for judgment, the district judge, inter alia, stated:
“ * * * To this extent, it refutes the statement of Hackman as to traffic conditions and corroborates the testimony of Latuso. Likewise, when considered in relation to the relative position of the two (2) trucks, it also substantiates La-tuso’s contention that there were no physical objects which obstructed Hack-man’s view and would have prevented him from seeing the decedent in the neutral area.
“In view of the foregoing, together with the absence of any specific testimony concerning other motor vehicles within the immediate area at the time, the Court can only conclude that there was very little traffic flowing in the eastbound lane. Under this circumstance, Mr. Hackman should have seen the decedent on the neutral ground and should have observed his entry into the traffic lanes. Had he observed what he should have seen, Mr. Hackman would have had ample opportunity to take the necessary precautions to timely bring his vehicle to a stop and avoid the accident. By exercising due diligence, he could have discovered the perilous position of Lanaux and, by further reacting as a reasonable and prudent man under the circumstances, could have avoided the accident. Plis failure to do so constitutes negligence, which renders him liable under the last clear chance doctrine as extended by the discovered or apparent peril theory. The effect of any initial contributory negligence on the part of the decedent is vitiated by the failure of the truck driver to observe Lanaux’s position of peril and to avoid the accident, which he could have reasonably done.
“From Hackman’s own testimony, the Court also concluded that he could have avoided the accident. He testified that there was a pick-up truck in the adjoining traffic lane to his left, two (2) car lengths or less in front of him. Mr. Hackman stated he was traveling thirty to thirty-five (35) miles per hour when he heard the brakes being applied to the other truck, and he reacted immediately by ‘slamming on’ his own brakes. However, he admitted that he momentarily released his brakes and did not reapply them until he saw the decedent. At the moment of contact, according to this witness, he was moving at the rate of twenty miles per hour.
*826 “The truck in the adjoining lane, two (2) car lengths in front of the School Board vehicle, had sufficient time to come to a complete stop without striking the decedent. Unquestionably, Mr. Hackman had adequate time and distance to do likewise and would have done so had he originally brought his truck to a complete stop, rather than release his brakes after reducing his speed to twenty (20) miles per hour. He elected to proceed blindly ahead, without determining what caused the other vehicle to come to a sudden stop even though the events of the moment forewarned him of the existence of an unusual situation or condition. In the opinion of the Court, the operator of the St. Charles Parish School Board truck was guilty of negligence in the manner above set forth.”
Under the last clear chance and discovered peril doctrine a motorist who observes or who should, by the exercise of reasonable care, have observed another in a position of peril may be held responsible for an ensuing collision with the other, despite any contributory negligence on the part of the latter if, after the duty'to make such observation arose, the motorist could reasonably have avoided the accident. Belshe v. Gant, 235 La. 17, 102 So.2d 477; Rottman v. Beverly, 183 La. 947, 165 So. 153; Leon v. Jackson, La.App., 122 So.2d 102; Ingram v. McCorkle, La.App., 121 So.2d 303; Deck v. Page, La.App., 77 So.2d 209; Silvera v. Gallardo, La.App., 63 So.2d 15; Pereira v. Herbert, La.App., 59 So.2d 729.
Regarding quantum, the pertinent facts are that the decedent was living in the home of his son, Elmore, fifty-one (51) years of age and unmarried, a marine engineer going to sea since 1935. His average voyage was for forty-two (42) days, with six (6) days leave at home. Lester was fifty-three (53) years of age, married, and maintained his own home since 1949. He visited with his father about three (3) or four (4) times a month and occasionally took him to dinner. Deceased died within forty-five (45) minutes after the accident. No evidence was presented to show he experienced any unusual degree of pain, or that he was conscious during the period.
The judgment of the district court is correct and is affirmed, appellant to pay all costs in the district court, and each party to pay their own costs in this court.
Judgment affirmed.