179 So.2d 522 (1965)
Waple G. HOWARD and Mrs. Mary H. Semon, Plaintiffs-Appellants,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK et al., Defendants-Appellants.
No. 1505.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
Rehearing Denied November 17, 1965.
*523 Blanchard, Walker, O'Quin & Roberts, by Joseph W. Milner, Shreveport, La., for defendant-appellant, Fidelity & Casualty Co. of New York.
E. L. Edwards, Jr., Many, for defendant-appellee, Horace M. Howard.
Booth, Jack, Pleasant & LeSage, by L. L. Lockard, Shreveport, for plaintiffs-appellants-appellees.
Cook, Clark, Egan, Yancey & King, by Benjamin C. King, Shreveport, for defendant-appellee, Employers Fire Insurance Company.
Before FRUGE, HOOD and CULPEPPER, JJ.
FRUGE, Judge.
This is a consolidated tort action which arose out of a collision between a 1953 Chevrolet pickup truck owned and operated by Horace M. Howard and a 1963 Chevrolet automobile owned by Grand Bayou Oil Company driven by Roger A. Wilson, employee. The accident occurred at about 9:30 A.M. on August 23, 1963, at the intersection of what is known as the Haley Driveway and Highway No. 175 in the Village of Belmont. The plaintiffs are Waple G. Howard and Mrs. Mary Howard Semon, the only children of Ophelia Campbell Howard, who was fatally injured in the accident and died September 13, 1963, as a result thereof, and Horace M. Howard, husband of the deceased. The defendants are Fidelity & Casualty Company of New York, public liability insurer of the Grand Bayou Oil Company, and the Employers Fire Insurance Company, the public liability insurer of the motor vehicle driven by Horace M. Howard. The two defendants filed exceptions of nonjoinder on the grounds that Horace M. Howard was an indispensable party to the suit, and subsequently he intervened as a party plaintiff in the suit. There was judgment in favor of the plaintiffs against the Fidelity & Casualty Company. The district court found Horace M. Howard free from fault, so there was judgment in favor of the Employers Fire Insurance Company rejecting the demands of Waple G. Howard and Mrs. Mary H. Semon.
The evidence shows that the Chevrolet truck owned and driven by Horace M. Howard was proceeding northerly on Highway 175 and while engaged in making a lefthand turn from Highway 175 to Haley's driveway, was struck on the right front side by the vehicle driven in a southerly direction by Roger Wilson. Plaintiff contends that prior to making his turn he had looked to the north and to the west and the highway was clear for 500 to 550 feet ahead.
*524 He made a slow gradual left turn, giving a hand signal indicating his left turn. Defendant contends that plaintiff's vehicle did not attempt a left hand turn until defendant's insured vehicle was approximately 125 feet away. In the alternative, defendant alleged contributory negligence on the part of Howard.
Highway 175 curves to the left or to the northwest at some distance north of the point of impact. The evidence indicated that the curve was approximately 500 feet north of the collision site, although an automobile approaching from the north could be seen some distance beyond the beginning of the curve not to exceed 575 feet. Because of a fence and underbrush, vision of the collision site for a motorist traveling south around the curve was obstructed to a point somewhere 500 and 575 feet north thereof. Wilson and Marvin Austin, a witness for the defendant, both testified that Wilson's car had a speed of at least 60 miles per hour until Wilson applied the brakes 90 feet north of the collision site. After Wilson applied his brakes his car skidded about 90 feet and knocked the Howards' truck sideways about 25 or 30 feet into a ditch and the Wilson car continued on an additional 10 or 15 feet.
Plaintiff Howard testified that when he began his gradual left turn the highway to the north was clear of traffic and he did not see the Wilson vehicle until it was approximately 90 feet from him. This testimony was corroborated by the only other survivor of the Howard truck, Edward E. Campbell, Jr., nephew of Howard.
It is the opinion of this court that when Wilson came around the curve into the Village of Belmont his vision was obstructed by the fence and underbrush until he reached a point 500 to 575 feet north of the point of impact. The trial court concluded that Wilson proceeded around the curve at a rate of speed in excess of what prudence should have dictated.
Defendants strongly urge that Howard was contributorily negligent in making a slow gradual left turn from the east lane of Highway 175 across the left lane of said highway.
The execution of a left turn is a hazardous undertaking, and the law imposes on the driver attempting such the duty of extreme caution. LSA-R.S. 32:101(2) requires that an approach for a left turn from a two-way highway must be made on the righthand side of the highway and that the turn must not be made until reaching the intersection. The reason for this is obvious. If a motorist starts his left turn across a highway at a distance of as much as 90 feet, as in this case, before reaching the intersection, he is in effect traveling down the wrong side of the highway for some distance. The present case is a classic example of such a danger. Howard was approaching an intersection where he could not see more than 500 feet beyond the intersection because of the curve. Yet 90 feet before Howard reached the intersection he partially crossed over into the wrong side of the road and went very slowly, 10 or 15 miles per hour in low gear, up to the driveway.
Howard, in attempting his left hand turn in this manner, placed himself and the occupants of his truck in a perilous situation.
It is our opinion, however, that even with the contributory negligence of Howard, the driver of the other vehicle (Wilson) could have avoided the accident by either stopping or passing to the rear of the slow moving truck after he saw, or should have seen, the Howard truck in the west traffic lane.
In order to apply the last clear chance doctrine, three elements must be proven:
(1) That the plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself;
(2) That the driver of the other motor vehicle actually discovered, or was in a position where he should have discovered, the plaintiff's peril; and
*525 (3) That, at the time, the driver of the motor vehicle, with the exercise of reasonable care, could have avoided the accident.
Both Howard and his nephew testified that when his gradual left turn was begun the Wilson car was not in sight. Wilson testified that when he rounded the curve he saw that the Howard truck was in the process of turning left 500 feet south of his vehicle. Wilson further testified that he did not immediately lock his brakes, thinking that the Howard truck had sufficient time to make the turn. The physical evidence was that there were skid marks only 90 feet from the point of impact. This indicates to this court that Wilson waited too long in applying his brakes, wishfully in the belief that Howard's truck would navigate the turn successfully.
In Lanaux v. Marquette Casualty Company, La.App., 162 So.2d 823, the court said:
"Under the last clear chance and discovered peril doctrine a motorist who observes or who should, by the exercise of reasonable care, have observed another in a position of peril may be held responsible for an ensuing collision with the other, despite any contributory negligence on the part of the latter, if, after the duty to make such observation arose, the motorist could reasonably have avoided the accident. Belshe v. Gant, 235 La. 17, 102 So.2d 477; Rottman v. Beverly, 183 La. 947, 165 So. 153; Leon v. Jackson, La.App., 122 So.2d 102; Ingram v. McCorkle, La. App., 121 So.2d 303; Deck v. Page, La.App., 77 So.2d 209; Silvera v. Gallardo, La.App., 63 So.2d 15; Pereira v. Herbert, La.App., 59 So.2d 729."
We find that Wilson could have avoided the accident if he had exercised reasonable care after he actually observed that Howard was in a position of peril from which he could not extricate himself. Wilson, therefore, had the last clear chance to avoid the accident. The right of intervenor, Howard, to recover against Wilson's insurer, Fidelity & Casualty, is thus not barred by contributory negligence on his part.
Therefore, we affirm the trial court's finding that such insurer is liable to Howard for the damages sustained by him by reason of his own personal injuries and property damage. We also affirm the award made to him as survivor of his wife for his own loss of his wife's love and companionship. Under Civil Code Article 2315, a statutory survivor may recover the damages he himself sustained through the wrongfully caused death of the injured person. (In addition, the injured person's cause of action survives in the statutory beneficiary's favor; however, the injured person's own cause of action is not involved in the present case, since the sole award made to the husband and surviving major children by the trial court related to their own causes of action as survivors for the damages sustained by themselves individually by reason of Mrs. Howard's death.)
However, while Howard and Wilson may invoke as between one another the doctrine of last clear chance in determining liability for the accident jointly caused by the negligence of Howard and Wilson, nevertheless the doctrine of last clear chance cannot be invoked by one tort-feasor so as to avoid liability to innocent third parties who sustain damages as the result of the negligence of both tort-feasors. Shield v. F. Johnson & Son Co., Ltd., et al., 132 La. 773, 61 So. 787, 47 L.R.A.,N.S., 1080; Hebert v. Travelers Insurance Co., La.App. 3 Cir., 179 So.2d 513 (rendered this date).
Therefore, since as to third persons Howard and Wilson are solidarily liable as joint tort-feasors, their insurers are solidarily liable for the damages awarded to Mrs. Howard's two surviving major children who are the plaintiffs in the present suit, and to the plaintiff Campbell in the companion suit, 179 So.2d 527 (rendered this date). The judgment must be amended accordingly. *526 (The plaintiffs have appealed insofar as the trial court rejected their claim against Employers.) Since the total damages awarded to these three plaintiffs are approximately $16,000, and since Wilson's insurer (Fidelity & Casualty Company of New York et al.) had issued only a 5/10/5 policy, it can not be held liable to the plaintiffs in excess of this amount.
Insofar as the amounts of damages awarded in the present suit, opposing parties contend respectively that the same are either insufficient or excessive. The trial court, in its written judgment, went into the reasons for the amount of award to each plaintiff. The briefs for appellant and appellee both cited cases where the awards were greater or lesser in similar cases than the award made in this case. Our Supreme Court has stated in Ballard v. The National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64, that: "The amount of awards in socalled `similar' cases are relevant only to determine whether the award is so excessive or so inadequate as to be in abuse of discretion." We find no such abuse of discretion in the awards made.
There remain for disposition two exceptions filed by Employers Fire (Howard's insurer):
(a) An exception of no cause of action filed to the plaintiff children's claim for the death of Mrs. Howard, being based upon allegations in their petition that Wilson's negligence was the sole cause of their mother's death. However, in the alternative, the children also alleged that their father Mr. Howard's negligence in certain specified respects was a contributing cause of the accident (Art. 13), so that his insurer should be held solidarily liable along with Wilson's (Art. 14). This was perfectly proper and entitles the petitioner to recover on the facts alleged in the alternative although the same may be inconsistent with the allegations of the first demand against Wilson's insurer based on Wilson's alleged sole negligence. LSA-C.C.P. Art. 892.
(b) An exception of non-joinder of an indispensable party or in the alternative of a necessary party, being based upon surviving children's failure to implead their father as co-plaintiff survivor seeking damages on account of Mrs. Howard's death. This exception is based on the holding in Reed v. Warren, 172 La. 1082, 136 So. 59, that the beneficiary-survivors under Civil Code Article 2315 can bring only one suit to assert all their claims arising out of a given death, a holding based on the policy of preventing a multiplicity of suits and a harassment of the tort-feasor by successive suits, see Official Comment (a), LSA-C.C.P. Art. 643.
However, subsequent to these exceptions, the father filed pleadings asserting his claim against Wilson's insurer only (Tr. 30-32), the children filing a supplemental petition (Tr. 33-34) impleading their father to assert whatever claims he might have under Civil Code 2315. This constitutes sufficient compliance with the requirements of Reed v. Warren. See Reed v. Warren at 136 So. 64-65: Pierce v. Robertson, 190 La. 377, 182 So. 544. When Mr. Howard was impleaded by his children to assert whatever claims he might have, he did not assert any against Employers, his own insurer (no doubt recognizing that he could not recover damages caused by his own negligence from his own liability insurer, Dumas v. U. S. F. & G. Co., 241 La. 1096, 134 So.2d 45); and such insurer is protected against further claim by Mr. Howard against it by Mr. Howard's impleader in this suit.
For the foregoing reasons, the judgment in favor of Horace M. Howard against the Fidelity & Casualty Company is affirmed, as is the judgment against said insurer in favor of the plaintiffs Waple Howard and Mrs. Mary Semon, the major children of Mrs. Howard. However, the judgment of the trial court is reversed insofar as it *527 dismissed the demands of these latter two plaintiffs against the Employers Fire Insurance Company, and it is amended to provide that such insurer is liable in solido with Fidelity & Casualty insofar as these two plaintiffs are concerned (subject to Employer's policy limits). Fidelity & Casualty Company and Employers Fire Insurance Company are cast in solido for all trial and appellate costs of these proceedings.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.