REID, Judge.
This case is a companion case consolidated for argument and submission with the appeal in the case of Mary Louise Summers v. Hartford Accident & Indemnity Company, 229 So.2d 744, appeal No. 7763 on the docket of this Court.
For the reasons assigned in the case of Mary Louise Summers v. Hartford, the judgment rendered by the lower Court in this case is hereby affirmed at the cost of the appellant.
Affirmed.
PER CURIAM.
Miss Dolly Ann Summers, plaintiff-appellant, has filed a motion for rehearing in this matter and points out as error of law that portion of our opinion wherein we applied the doctrine in the case of Howard v. Fidelity & Casualty Company of New York, La.App., 179 So.2d 522, as authority that neither Miss Dolly Ann Summers nor Hartford could apply the doctrine of last clear chance.
Howard v. Fidelity & Casualty Company, supra, is authority that one joint tort-feasor cannot use the doctrine of last clear chance against his co-tort-feasor to evade their joint liability to an innocent third party.
We find that appellant was correct and that the case of Howard v. Fidelity, supra, would not deprive her of applying the doctrine of last clear chance. This case was cited herein to be used really in the companion case of Miss Mary Louise Summers to the effect that the doctrine of last clear chance would not apply as against her, Mary Louise Summers, because she was a guest passenger in the Dolly Ann Summers car and an innocent third party.
Appellant next complains that the trial Court, contrary to what we expressed in our original opinion, fell into an error of law and simply failed to give any consideration at all to the doctrine of last clear chance.
Our courts have repeatedly held that there are three elements necessary for the doctrine of “last clear chance” to apply: first, the plaintiff must establish that plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; second, plaintiff must establish that defendant actually discovered or should have discovered plaintiff’s peril; and, third, the plaintiff must establish that at the time defendant actually discovered, or should have discovered plaintiff’s peril, defendant had a reasonable opportunity to avoid the accident. See Richard v. Southern Farm Bureau Casualty Ins. Co., La. App., 212 So.2d 471.
Miss Dolly Ann Summers testified that when she reached the crest of the hill, some 650 feet from the point of impact, she noticed the automobile of Mr. Alexius, the overturned vehicle in the ditch, and the driver of the overturned vehicle standing on the shoulder of the road. We feel that this was a situation fraught with danger and that Miss Summers should have immediately slowed the speed of her car so that she could stop in the event of any emergency. She did testify that she assumed the Alexius car was moving and when she attempted to pull over into the other lane she was blocked by an oncoming car. She then applied her brakes but her speed was such that she could not avoid the accident.
We feel that Miss Summers did not establish the first condition of the doctrine of last clear chance, because she was in a condition of peril of which she could have been aware had she been paying proper attention to what was in front of her and that she would have been able to extricate herself. She was looking at the entire scene, it was all in front of her, and had *744 she been paying proper attention she should have been able to avoid the accident.
The trial Judge in his finding of fact, as we stated in our original opinion^ held that Miss Summers was negligent in that “she was inattentive to her driving; that she had ample opportunity to see the defendant vehicle and to observe that this defendant vehicle was stopped; and, that she could have brought her automobile to a complete stop without striking the rear of the defendant vehicle, had she not been inattentive and had she been keeping a proper lookout.” The trial Judge therefore found Miss Dolly Ann Summers a joint tort-feasor and we concur in this finding by the lower Court.
For these reasons the application for a rehearing is denied.