BOLIN, Judge.
Frank W. Jones and wife, Fearn D. Jones, sued Mr. and Mrs. Courtland T. Milloy, Sr., and the latters’ insurer for damages for injuries to Mrs. Jones, related medical expenses and property damages resulting from an automobile accident. Defendants answered denying negligence and filed an alternative plea of contributory negligence. From judgment rejecting plaintiffs’ demands they appeal. We affirm the judgment.
The record establishes that on the afternoon of November 22, 1971, Fearn Jones was driving the community automobile north in the curb or outside lane of Jewel-la Avenue in Shreveport, Louisiana. Jew-ella is a four-lane thoroughfare running generally north and south. As she reached a point near an intersecting street she observed a 1967 Ford automobile stopped near the curb in the lane of Jewella in which she was traveling. She attempted a passing maneuver but lost control of her car which crossed the two southbound lanes and struck a tree on the west side of Jewella. The impact practically demolished her car and resulted in personal injuries to Mrs. Jones.
Mrs. Milloy testified she had been driving her Chevrolet in the outside lane on Jewella in a northerly direction when her car stalled and she realized the vehicle was out of gas. She surveyed the situation and decided to walk back to a filling station a few blocks south of where the car was parked. She remained for a few minutes on the sidewalk beside her car observing traffic, and it appeared that vehicles proceeding north on Jewella were having no trouble in passing her automobile. She commenced walking back toward the station while maintaining observance of her car to see that other vehicles were passing safely. She testified that her car was visible all the way back to the station. When she arrived there the station operator was busy and she attempted to call her husband but was unable to reach him by telephone. Finally, she looked back to the place where she had left her automobile and saw that it was no longer there. She immediately requested the station attendant to transport her back to where her automobile had been stalled and found it had been moved about one-half block onto a side street. By this *806 time the accident had happened and she was questioned by the police after which she had gas put into her car and she drove •home. She did not witness the accident nor did she talk with Mrs. Jones.
Although there is no contention that Mrs. Jones’ view was obstructed, there was testimony from other witnesses concerning the distance from which the Milloy car could have been observed. The general consensus of these witnesses was the car could have been observed at least 200 or more feet away.
Mrs. Jones, the only eyewitness, testified her automobile was in good condition; that she was familiar with the area; that just prior to the accident she observed no cars approaching from the opposite direction and there were no cars immediately ahead of, behind or alongside her automobile. She testified further that she did not apply her brakes as she had ample room to go around the Milloy vehicle; that she made a gradual turn but lost control of her car when it struck a “slick” spot in the street; that if it had not been for the slick spot she could have gone around the stalled car without difficulty.
Plaintiffs contend Mrs. Milloy, who had been driving the stalled Chevrolet, was negligent in stopping her car in the traveled portion of a main thoroughfare in violation of Louisiana Revised Statute 34:141; that such violation constituted negligence per se and was a cause in fact of the accident, citing Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and Summers v. Hartford Accident & Indemnity Co. (La.App. 1 Cir. 1969), 229 So.2d 744. Although Louisiana Revised Statute 34:141 is cited in plaintiffs’ petition and throughout the brief, comparison of that statute with the contentions of plaintiffs makes it apparent it was cited in error. Plaintiffs must have intended to cite Louisiana Revised Statute 32:141, which provides :
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway. (Emphasis added.)
* *
It is evident from the quoted portion of the above statute that it is inapplicable to highways or streets within a business or residential district. The evidence is uncon-tradicted that this accident occurred on Jewella Avenue within a mixed residential and business district. There is no positive evidence that there was or is a local ordinance making it unlawful to park or stop on Jewella in the vicinity of this accident.
We find the cited statute and cases are inapplicable to this case; further, that the evidence does not reflect that Mrs. Milloy was guilty of any negligence in the manner in which she acted under the circumstances. Since plaintiffs have failed to prove they were damaged by any fault of defendant driver their demands were properly rejected under the authority of Louisiana Civil Code Article 2315. This conclusion makes it unnecessary to pass on the plea of contributory negligence.
The judgment is affirmed at plaintiffs’ costs.