121 So.2d 303 (1960)
Leonard INGRAM, Plaintiff-Appellee,
v.
Clifford McCORKLE, Sr. et al., Defendants-Appellants.
No. 5056.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
*304 Huckabay & Wall, Baton Rouge, for appellants.
Davis, Navratil & Clesi, Baton Rouge, for appellee.
Before TATE, MILLER and PUTNAM, JJ.
TATE, Judge.
While crossing Hooper Road in East Baton Rouge Parish on foot, Linda Fay Ingram, 15 years of age, was struck down by a Chrysler automobile on the clear afternoon of October 2, 1958. This suit is by Linda Fay's father to recover damages on her behalf for her personal injuries and also to recover medical expenses incurred by him as a result of the accident. Made defendants are the owner and the insurer of the Chrysler, which at the time of the accident was being driven by the owner's 15-year-old son.
The trial court held that Linda Fay was contributorily negligent in having failed to observe the oncoming Chrysler or in having misjudged its speed; but it also held, in awarding judgment to the plaintiff, that the defendants' driver had the last clear chance to avoid the accident.
The principal contention of the defendants-appellants is that the plaintiff's recovery should be barred by Linda Fay's contributory negligence. The defendants rely upon the testimony of their driver and of a following motorist to the effect that Linda Fay came out suddenly from behind a parked vehicle, when the Chrysler was just thirty feet distant and lunged across the road, so that the Chrysler's driver was unable reasonably to avoid striking her. Deason v. Greyhound Corp., La. App. 1 Cir., 114 So.2d 78.
Various bystanders testified to the contrary, however, that the only vehicle parked on Hooper Road's south side, from which Linda crossed toward the north side, was a large garbage truck, the rear of which was approximately 125 feet east of the point of impact at the crossing at which Linda Fay was struck by the defendants' westbound Chrysler. We find no error in the trial court's acceptance as preponderating the testimony of these witnesses, nor in its conclusion, based upon Linda Fay's possible rates of transit across the road, that she could not have started from a dead stop at the south edge of the road and travelled to the point of impact, just two feet short of the north edge of the 21-foot-wide road, in less than two seconds.
Under these facts, the trial court correctly held that the defendants' driver, approaching at a speed of about 40 mph, could and should have seen Linda Fay in the process of crossing the road while the motorist was approximately one hundred twenty feet distant. The defendants' driver admitted, however, that he had not seen Linda Fay until he was just 18 feet away, too late even to apply his brakes effectively before hitting the girl or to sound his horn. (Thereafter, he was able to bring his vehicle to a stop 66 feet beyond the point of impact.) The record as a whole reflects that in fact the driver applied his brakes 3-4 feet in advance of the impact and that therefore (considering reaction time) he must have observed Linda Fay when he was slightly more than 18 feet from the point of impact.
Our courts have held that a motorist has the last clear chance to avoid an accident and is therefore liable, despite the gross and continuing negligence of a pedestrian, where the motorist could have, in time reasonably to have avoided the accident, perceived a pedestrian in the process of crossing the roadway with the obvious intention of proceeding into the motorist's path while unaware of the motorist's approach. Rottman v. Beverly, *305 183 La. 947, 165 So. 153; Zachery v. Southern Farm Bureau Cas. Ins. Co., La. App. 1 Cir., 116 So.2d 847; Guillory v. Lemoine, La.App. 2 Cir., 87 So.2d 798. "Under the last clear chance doctrine as enunciated by Louisiana jurisprudence, a motorist who observes or who should by the exercise of reasonable care have observed another in a position of peril may be held responsible for injuries caused by an ensuing collision with the other despite any contributory negligence on the part of the latter if, after the duty to make such observation arose, the motorist could reasonably have avoided the accident. [Citations omitted]", Belshe v. Gant, 235 La. 17, 102 So.2d 477, 479.
In the present instance, the defendants' driver had a clear field of vision of at least 125 feet during which he could and should have observed the pedestrian crossing the 21-foot wide Hooper Road at a fast walk or a semi-run, obviously oblivious to the oncoming motor vehicle, despite which the motorist did not see Linda Fay until about 18 feet distant. The defendants' automobile did not strike Linda Fay until she had crossed 19 feet of the roadway and was just two feet short of completing her crossing, and it was thereafter brought to a stop within 66 feet after the impact. This indicates that by an earlier observation the defendants' driver could reasonably have stopped or slowed his vehicle so as to permit the pedestrian to complete her crossing in safety.
We think, therefore, that the trial court properly held that the defendants' driver had the last clear chance to avoid the accident and accordingly held the defendants liable for Linda Fay's injuries.
The trial court awarded $1,058.55 for the medical expenses and $8,500 for Linda Fay's personal injuries, which included multiple fractures of the pelvis, a basal skull fracture, a brain concussion and brain injury producing epileptic seizures during the initial 17-days' hospitalization, a deep muscle injury to the right thigh, and numerous abrasions and contusions. Fortunately, these serious injuries were cured without substantial residual; although at the time of the trial, as a result of still-abnormal electro-encephalographic findings, the doctors still prescribed anti-convulsive medications for Linda Fay to guard against the possibility of a reoccurrence of epileptic seizures. Despite appellants' complaint, we do not find the award for personal injuries to be excessive. See, e. g., Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71. The plaintiff did not answer the appeal requesting an increase in the award.
For the foregoing reasons, the trial court judgment is
Affirmed.