132 So.2d 77 (1961)
Clarence BREAUX
v.
William J. MEYERS et al.
No. 322.
Court of Appeal of Louisiana, Third Circuit.
July 12, 1961.
*78 Babineaux & Huval, by Allen Babineaux, Lafayette, for plaintiff-appellant.
Mouton, Champagne & Colomb, by Patrick L. Colomb, Lafayette, for intervenorappellant.
Landry, Watkins, Cousin & Bonin, by John M. Stewart, Lafayette, for defendants-appellees.
Before FRUGE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This suit was instituted by Clarence Breaux against William J. Meyers and Hartford Accident and Indemnity Company, the insurer of the car driven by Meyers, but owned by Bob Croom, Inc., for damages resulting from an accident which occurred on December 16, 1958, at approximately 1:30 o'clock a. m. on Tulane Street in the City of Lafayette, Louisiana.
United States Casualty Company, the compensation insurance carrier of the City of Lafayette, intervened in this suit alleging that it had made certain compensation payments to the said Clarence Breaux, an employee of the City of Lafayette, and prayed that if Breaux received a judgment from the defendants in this case, that it be allowed to recover by priority the amount of workmen's compensation and medical expenses paid by it on behalf of said Breaux out of any judgment which might be awarded to the said Breaux.
United States Casualty Company filed a separate suit against William J. Meyers, seeking to recover compensation payments made to Clarence Breaux as a result of the accident in the instant suit, together with medical expenses.
These cases were consolidated for trial in the district court.
The instant case and the case of United States Casualty Company v. Meyers, La. App., 132 So.2d 81, were consolidated in this court for purposes of argument and decision.
For a cause of action, plaintiff stated that at the time of the accident he was collecting garbage on Tulane Street in the City of Lafayette, Louisiana, as an employee of the City, and had returned to the northern side of Tulane Street to return a garbage can and when he stopped to pick up the cover of said garbage can, he was suddenly and violently struck by an automobile driven by the said William J. Meyers, who was traveling in a westerly direction on Tulane Street. Plaintiff alleged that the sole and proximate cause of the accident was the negligence of William J. Meyers in the following particulars:
1. In failing to keep a proper lookout.
2. In not having his automobile under proper control.

*79 3. In driving at an excessive rate of speed under the existing circumstances.
4. In failing to see and do the things which are required under the existing circumstances.
5. In failing to exercise the last clear chance of avoiding said accident.
6. In not seeing what he should have seen and in not doing what he should have done under the existing circumstances.
7. In failing to have his front lights burning.
Plaintiff alleged in the alternative that should the Court find any negligence on the part of said plaintiff, Meyers had the last clear chance of avoiding the said accident, and pleading further in the alternative that should the court find that the doctrine of last clear chance did not apply, that the doctrine of discovered peril was specifically plead, and that William J. Meyers failed to stop his automobile or to avoid said accident after he had discovered or should have discovered the peril of said plaintiff.
In the instant case defendants filed a general denial to the petition of intervention filed by United States Casualty Company.
As to the plaintiff Breaux, defendants filed a general denial to the allegations of plaintiff's petition, and further answering said petition alleged that William J. Meyers was not guilty of any negligence which was a direct or proximate cause of said accident, that the automobile driven by Meyers was traveling in a westerly direction on Tulane Street at a speed of approximately 15 or 20 miles per hour, that when said automobile reached a point on Tulane Street at a point even with the front of the garbage truck owned by the City of Lafayette, plaintiff jumped or stepped off the truck in the westbound traffic lane directly in front of the automobile driven by Meyers, and that the said Meyers applied his brakes in an attempt to avoid striking plaintiff and did everything in his power to avoid the accident, but due to the nearness of Breaux to him, which was caused by the gross negligence of said plaintiff, he was unable to avoid the accident.
Defendants stated further that the said Clarence Breaux was guilty of gross negligence which constituted the sole, direct and proximate cause of the accident in the following respects:
1. In stepping or jumping off of the aforesaid garbage truck into the lane of approaching traffic without maintaining a proper lookout before so doing.
2. In jumping or stepping off of said truck into the path of the approaching automobile which he saw or should have seen.
3. In failing to do what he should have done and in failing to see what he should have seen.
4. In failing to take any action to avoid the aforesaid accident when in the exercise of reasonable care he could have done so.
After a trial on the merits, the district court rejected plaintiff's demand and dismissed his suit. From that judgment, plaintiff has appealed to this Court.
The evidence reflects that prior to the accident in this case, plaintiff, with Adam Pillette as a helper and Edmond Racca as the driver, was collecting garbage for the City of Lafayette in a city-owned truck. The truck was stopped in the middle of the 800 block of Tulane Street in the City of Lafayette, facing in an easterly direction. Plaintiff was collecting garbage on the north side of said street, whereas the said Pillette was collecting garbage on the south side of said street. Mr. Racca was the driver of the truck and was sitting in the driver's seat.
The record shows further that the lights on the truck driven by Racca were dimmed, that there were platforms on the left and right middle of said truck which were used by plaintiff and Pillette for the purpose of *80 disposing of the garbage, that they had to step on the platform to empty the garbage into the truck and descend to the ground after emptying same, that there were no street lights in the vicinity of the accident, and the accident occurred at night; that plaintiff had crossed the north lane of Tulane Street on several occasions to pick up the garbage and place it in the truck and returned the cans, that shortly prior to the accident he started to cross the north portion of Tulane Street and was struck by the car driven by the said Meyers, and that Meyers was driving his car at approximately 15 to 20 miles per hour.
Plaintiff contends that Meyers was negligent in not exercising a reasonable degree of control over the vehicle which he was operating in order to stop or to avoid danger appearing within the range of his vision, in not being vigilant and seeing what he should have seen, and in that he did not operate his vehicle on a public street at a careful, prudent and reasonable and proper speed having due regard to the traffic surface, the width of the street and the location and neighborhood site. In support of this contention, counsel for plaintiff cited the case of Ellis v. Whitmeyer, La.App. 2 Cir., 183 So. 77.
Counsel for defendants takes the position that the case of Ellis v. Whitmeyer, supra, is not applicable to the case at bar for the reason that in the Ellis case, supra, defendant was traveling at an excessive rate of speed and plaintiff, an employee of the Department of Highways for the State of Louisiana, who was working on a bridge where warning signals had been properly placed on each end of the bridge and where part of the road was locked by a truck carrying a red flag, had the right to assume that an approaching motorist would observe warnings and bring his automobile under control, and he was not required to keep on the lookout for a motorist traveling at a high rate of speed who would attempt to pass without sounding his horn. Plaintiff was allowed to recover for injuries sustained when he was struck by the car driven by defendant.
Counsel for defendant contends that the instant case is governed by the case of Maryland Casualty Company v. Allstate Insurance Company, La.App. 2 Cir., 96 So.2d 340, 343. In the Maryland Casualty Company v. Allstate Insurance Company case, supra, a highway maintenance worker parked a truck on the shoulder of the highway so that he could place a sign to warn of road repairs, and since his only duty which required him to get out of his truck and go upon the highway was placing such signs, he was not relieved of the duty to exercise ordinary care for his safety, and when he left the cab of the truck and stepped in the path of an approaching automobile driven at an excessive rate of speed which struck and killed him, recovery was denied for the reason that had the decedent made the proper observation, he could have seen the truck. The Court said:
"But it is obvious that when the worker is not engaged in some activity which diverts his attention from vehicular traffic, but is merely in the act of crossing or walking along the street or highway, he should be expected to exercise the same care for his own safety as that required of an ordinary pedestrian. * * *"
Edmond Racca, a witness and coworker of plaintiff, testified that he saw the lights of the Meyers car as it was approaching the garbage truck. It is apparent that plaintiff, had he looked in the direction of the Meyers car, could have seen the headlights of said car, and the failure on his part to see said lights constitutes negligence on his part.
Since we have found plaintiff to be negligent in crossing the highway without keeping a proper lookout for approaching traffic, the remaining issue is whether he can recover because of the doctrine of last clear chance or discovered peril. As stated in the case of Maryland Casualty Company v. Allstate *81 Insurance Company, supra, before the above doctrine can be applied in any given case, three elements must exist:
"* * * (a) plaintiff in a position of peril of which he was unaware or unable to extricate himself; (b) defendant in a position where he actually discovered, or should have discovered, the plaintiff's peril; (c) at such time that the defendant could have by the exercise of reasonable care, avoided the accident. * * *'"
Applying the tests used above to the facts of this case, we conclude that the doctrine of last clear chance or discovered peril does not apply here because the evidence does not show that defendant actually discovered, or should have discovered, plaintiff's peril in time to avoid the accident. The evidence shows that immediately prior to the accident plaintiff had been standing on the running board emptying a garbage can into the side of the truck, after which he turned around, stepped off the truck and started across the street to return the can. He was almost across the street when he was struck by the right front fender of the Meyers vehicle. The evidence shows further that as defendant, driving at about 15 miles per hour, approached the truck parked on his left, his vision was partially impaired by the truck lights. As Meyers reached the truck, he suddenly saw plaintiff for the first time "right in front of my windshield, going across in front of my car." Meyers immediately applied his brakes but was unable to avoid the accident. The record also reveals that plaintiff was dressed in a black rain suit and that there were no street lights in the immediate area. Meyers did not know until after the accident that the parked vehicle, whose lights he had seen, was a garbage truck and he therefore cannot be required to have anticipated the presence of the garbage truck helpers. Furthermore, Meyers cannot be required to have seen plaintiff standing on the running board of the truck in the darkened area behind its headlights. Actually, even if Meyers had seen the plaintiff standing on the running board, he could not be required to have anticipated that the plaintiff would suddenly leave this position of safety and start across the street immediately in front of the Meyers vehicle. Under these circumstances it is our opinion that Meyers did not and could not have discovered plaintiff's peril in time to avoid the accident.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.