160 So.2d 395 (1964)
Lawrence JONES
v.
Ike R. DOZIER et al.
No. 6030.
Court of Appeal of Louisiana, First Circuit.
January 27, 1964.
*396 Brumfield, Turner & Cooper, by Robert S. Cooper, Jr., Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, by Robert J. Vandaworker, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This appeal is from the judgment of the trial court rejecting plaintiff's demands for damages for personal injuries sustained in a pedestrian-automobile accident which occurred on Airline Highway in the City of Baton Rouge, Louisiana. Named defendants herein are Ike R. Dozier, driver of the 1958 Chevrolet Sedan involved in the accident, and his liability insurer, Southern Farm Bureau Casualty Company.
It is undisputed that at the scene of the accident the highway is straight and runs in an easterly-westerly direction. The surfaced portion of the roadway consists of two paved lanes for eastbound travel and two for westbound motorists, said opposing lanes being separated by a comparatively wide neutral ground. Defendant Dozier was traveling easterly in the left or inside lane for eastbound vehicles at a speed of approximately 25 miles per hour. The accident occurred when plaintiff, Jones, in attempting to cross the highway from the south shoulder thereof to board his own vehicle parked on the north shoulder, walked or stepped into the right side of defendant's automobile, the point of contact being the approximate front of the right front fender of defendant's car. It further appears the accident occurred at approximately 11:00 o'clock A.M. in the morning of a clear dry day.
Both in brief and oral argument before this Court, able counsel for appellant conceded plaintiff's negligence and acknowledges that plaintiff's cause is predicated solely upon the doctrine of last clear chance. In essence esteemed counsel's brief presents two issues for resolution on this appeal, namely: (1) the trial court erred in rejecting plaintiff's demand and failing to hold defendants liable under the doctrine of last clear chance; and (2) our learned brother below also erred in refusing to admit in evidence the deposition of appellant's witness, Vardie Lee Rancher, taken in a workmen's compensation suit filed by plaintiff against plaintiff's employer predicated upon the injuries sustained by appellant in the same accident upon which this present demand is founded.
In urging our imposition of liability herein on the principle of last clear chance, astute counsel for appellant maintains defendant was guilty of negligence in traveling at an excessive rate of speed and failing to keep a proper lookout inasmuch as defendant Dozier concedes he did not detect plaintiff's presence on the highway until the moment of impact.
The facts of the instant case are for all practical purposes, undisputed.
Testifying in his own behalf, appellant stated that shortly prior to the accident he and an acquaintance, Vardie Lee Rancher, emerged from a restaurant situated on the south side of the highway after having visited the establishment to drink coffee. Appellant and his friend conversed briefly on the south shoulder of the highway following which they exchanged parting remarks and appellant, after looking both ways and observing no vehicles in either eastbound lane, stepped onto the highway and proceeded to walk toward his own vehicle parked on the far side of the road. According to appellant, he never saw Dozier's oncoming vehicle until the moment of impact. Appellant further concedes that as he proceeded across the highway he was looking back *397 over his right shoulder continuing his conversation with his friend, Rancher.
In substance defendant Dozier testified he was proceeding easterly in the inside lane at a speed of approximately 25 miles per hour. He never saw plaintiff prior to the impact and therefore neither blew his horn nor applied his brakes in an effort to avoid the accident.
Plaintiff's acquaintance, Vardie Lee Rancher, in effect testified plaintiff waited on the south shoulder of the highway to permit passage of an eastbound vehicle proceeding in the right or outside lane. After the passage of this other vehicle, appellant immediately stepped onto the highway and proceeded across at a rather brisk pace and into the side of the oncoming Dozier automobile. In essence Rancher testified the accident was unavoidable on Dozier's part inasmuch as appellant, after permitting the car in the inside lane to pass, immediately stepped out behind said car and started to cross at which time defendant Dozier was only 10-15 feet west of the point of impact. Rancher's testimony leaves not the slightest doubt but that, in his opinion, there was nothing Dozier could do to avoid the impending accident. He further testified that it was obvious to him an accident was imminent and he yelled to alert plaintiff of the danger but to no avail.
At one place in his testimony, Rancher described plaintiff's actions immediately preceding the accident as follows:
"A He let one car by him.
"Q Who is he?
"A Mr. Jones let one car go by him in the right lane.
"Q Would that be the lane nearest the cafe?
"A Right, and this other car was just a short ways behind him. He stepped out into this automobile, and the thing, he told me, I'll see you Wednesday, and I was flagging at him, like that, to stop him from walking into it. I seen he was going to hit it." T. 108
On further examination Rancher related the following version of plaintiff's conduct just prior to the impact:
"A He let the first car by and he stepped out.
"Q And started walking?
"A He just made a good step, right into the side of the automobile.
"Q Well, if he was standing on the side of the highway and the automobile that hit him was on the inside lane * * *
"A On the inside lane.
"Q He had to cross all the way across the right hand lane, in order to hit the side of that automobile?
"A Right.
"Q He didn't do that in one step, now, Mr. Rancher.
"A He just made a hop, right into it.
"Q Was he running or walking?
"A He wasn't running. He just was in a part way.
"Q Well, he crossed all the way across that right hand lane before he hit the side of that automobile?
"A You got the automobile 12 or 15 feet backthat would make him come just about right into it.
"Q What part of the side of the car did he hit?
"A The right fender.
"Q The right front fender?
"A The right front fender.
"Q How far from the headlight?
"A I wouldn't say he hit the headlight. He sort of hit it, with his arms out.

*398 "Q You think he saw the car immediately before he hit it?
"A I don't believe.
"Q You don't think he ever saw it?
"A I don't think he ever seen it until he stepped into it." Tr. 118-119.
The jurisprudence of this state is well established to the effect that to warrant application of the doctrine of last clear chance, plaintiff must discharge the burden of establishing three basic factors by a clear preponderance of the evidence. First plaintiff must establish that he was in a position of peril of which he was unaware or from which he was unable to extricate himself. Secondly, plaintiff must show that defendant was in a position to discover plaintiff's peril upon the exercise of reasonable care, caution and observation. Finally, plaintiff must establish that when defendant discovered plaintiff's peril, defendant was possessed of a reasonable opportunity to avoid the accident. McCallum v. Adkerson, La.App., 126 So.2d 835; Whitner v. Scott, La.App., 116 So.2d 180; Newton v. Pacillo, La.App., 111 So.2d 895.
The allegation of excessive speed lodged against appellee is utterly without foundation in the record. The resume of testimony hereinabove set forth negates Dozier's alleged speeding beyond all possibility of doubt. Not even plaintiff's own witness, Rancher, charged Dozier with excessive speed and Dozier's own testimony clearly establishes he was proceeding at the lawful and reasonable speed of approximately 25 miles per hour. Moreover, the record conclusively establishes that upon hearing the impact, Dozier instantly applied his brakes and came to a stop within a short distance.
We believe a fair analysis of the evidence supports the conclusion defendant Dozier did not have the last clear chance to avoid the accident. Granting Dozier did not observe plaintiff's presence until the moment of impact, it does not necessarily follow his prior detection of plaintiff would or could have afforded him reasonable opportunity to prevent the mishap. The record, we believe, preponderates in favor of the finding that plaintiff did in fact wait to permit the passage of an eastbound motorist traveling in the inside lane and then immediately stepped onto the traveled portion of the highway and proceeded to cross the outside lane, (which the record indicates is nine feet in width), at a rather brisk pace. Granting further, the record does not show with clarity the precise location of the Dozier vehicle at the moment plaintiff first set foot on the highway, nevertheless, we believe Rancher's testimony shows Dozier was so near there was little, if anything, he could have done to avoid the accident had he in fact seen plaintiff when plaintiff first started across the highway. Moreover, we are herein concerned with a mature adult, therefore, assuming Dozier had observed plaintiff's presence in the outside lane, he could have relied upon the presumption that a grown individual, apparently in full possession of his faculties, would not recklessly and heedlessly proceed into the inside lane in the face of the obvious danger presented by an oncoming vehicle. We further believe the presence of the vehicle which passed in the outside lane unwittingly contributed to the accident inasmuch as it shielded Dozier's view of appellant as well as appellant's view of Dozier's vehicle.
The fact that appellant was unable to precisely fix the location of defendant's vehicle when plaintiff entered the highway is not to be resolved against appellee. It is incumbent upon plaintiff to establish each facet of his case by a clear preponderance of evidence. Bougon v. Traders & General Insurance Co., La.App., 146 So.2d 535; Taylor v. Firemen's Insurance Co. of Newark, N. J., La.App., 139 So.2d 782; Oliver v. Pitarro, La.App., 129 So.2d 39.
Learned counsel for appellant relies herein primarily upon Ingram v. McCorkle, La. App., 121 So.2d 303, and Guillory v. Lemoine, La.App., 87 So.2d 798, both of which *399 involve instances wherein the rule of last clear chance was applied to impose liability on a defendant motorist who struck a pedestrian in the act of crossing a street.
Our careful analysis of the cited decisions reveal said cases arose under circumstances which readily distinguish them from the case at bar.
Ingram v. McCorkle, supra, involved an accident resulting in injuries to a 15 year old youth attempting to cross a public highway at a fast walk or semi-run. The court therein found defendant motorist was approximately 120 feet distant from the point of impact at the moment the lad started to cross the highway. The Court also found that notwithstanding there was no obstruction or impediment of the driver's vision, the driver did not apply his brakes until he was within 20 feet of the point of where the accident occurred.
In Guillory v. Lemoine, supra, the court concluded the defendant motorist was 150 feet distant when a nine year old girl commenced to cross the street in front of defendant's oncoming vehicle.
In the present case it is not clear just how far distant Dozier was from the point of collision when plaintiff, a grown, mature individual, started across Airline Highway, a main four lane thoroughfare. Rancher, the only person to witness the accident, did not place defendant's vehicle so far from the point of impact, at the time plaintiff herein started across the highway, as to justify the conclusion that if Dozier had seen plaintiff, he, Dozier, had sufficient time to do anything to avoid the accident. Moreover, the testimony of Rancher, the sole witness, is clearly to the effect that, predicated upon his own personal driving experience, Dozier had no opportunity whatsoever to avoid the accident. In our opinion such testimony, elicited from plaintiff's own witness, cannot serve as the foundation of an award of damages predicated upon a legal concept which not only presupposes plaintiff's own contributory negligence but also requires plaintiff to prove, by a clear preponderance of evidence, that defendant had a reasonable opportunity to avoid the accident.
Appellant's contention the learned trial court erred in declining to permit introduction in evidence of a deposition given by Rancher in a workmen's compensation suit instituted by appellant in an action against appellant's employer arising out of this same accident is without merit, as will hereinafter appear. It is of considerable importance that defendants in the present cause were not parties to the workmen's compensation suit instituted by appellant against his employer. Defendants herein, therefore, had no opportunity of cross-examination of Rancher at the time the prior deposition was given. Granting admissibility of the controversial deposition in these proceedings for the limited purpose of impeachment of Rancher's testimony because of inconsistencies between the deposition and Rancher's testimony at the present trial, said deposition was, as to present defendants, admissible for no other purpose. Although our learned brother below declined to admit the deposition in evidence, he did, upon counsel for appellant pleading surprise, allow counsel for appellant to interrogate Rancher regarding several inconsistencies between the deposition and his testimony upon the trial. The deposition in question, which appears in the record as an offering despite the refusal of the trial court to admit it in evidence, confirms the ruling of the trial judge to the effect there were no significant inconsistencies between the deposition and the witness's testimony at the trial of this matter. Moreover, assuming Rancher's testimony on trial to have been impeached, plaintiff's case must of necessity fail, as this would leave the record totally barren of any evidence whatsoever concerning the manner in which the accident occurred. Neither plaintiff nor defendant were able to testify as to the circumstances surrounding the accident. The fact that an accident occurs is not in itself proof of negligence. It is elementary that *400 plaintiff must prove his own case by a preponderance of evidence. In the instant case, take away Rancher's testimony and plaintiff is without any evidence or proof whatsoever.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.