179 So.2d 499 (1965)
Horace Billy SORRELL, Plaintiff and Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendant and Appellee.
No. 1516.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
Rehearing Denied November 17, 1965.
Writ Refused January 17, 1966.
Guillory, Guillory & Guillory, by Isom J. Guillory, Jr., Eunice, for plaintiff-appellant.
Stockwell, St. Dizier, Sievert & Viccellio, by Robert W. Clements, and Oliver P. Stockwell, Lake Charles, for defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
*500 CULPEPPER, Judge.
This case and Carnes v. Allstate Insurance Company et al., La.App., 179 So.2d 502 were consolidated for purposes of trial and appeal. Plaintiffs were struck, while walking across the highway, by an automobile driven by Fred W. Scarborough, and insured by Allstate Insurance Company. From an adverse judgment on the merits, plaintiffs appeal.
The issue is whether plaintiffs are entitled to recover under the doctrine of last clear chance.
The accident occurred on January 19, 1961 at about 6:40 in the morning. It was cold, dark and drizzling rain. The scene is in Lake Charles on East Broad street, a four-lane portion of U.S. Highway 90, running east and west and separated in the middle by a small raised neutral ground, about a foot or a foot and a half in width. On the north side of the highway is a cemetery with many large trees and on the south side is the Yellowjacket Cafe and Truck Stop. There are no street intersections or pedestrian crosswalks at the scene.
Plaintiffs are two young men who had met in New Orleans several days previously and mutually agreed to hitchhike to California to find work. Their last host driver let them out on the north side of the highway next to the cemetery. They decided to go across the highway to the Yellowjacket Cafe to get a cup of coffee and warm themselves. Plaintiffs testified they did not run, but walked at a brisk pace, and the last thing either one of them remembers is starting across the north side of the highway. They do not remember anything that occurred as, or just after, they reached the neutral ground.
Mr. Scarborough, who delivers newspapers on this route every morning and is thoroughly familiar with the area, was driving east in the inside east-bound lane of Broad street, at a speed of 30 to 35 MPH. The speed limit at this point is 35 MPH. He testified his lights were on dim; he could see about 150 feet ahead; it was raining and his windshield wipers were on; and he knew the cemetery was on his left and didn't expect a pedestrian to come from that direction. He suddenly saw the plaintiffs stepping in front of him about 10 feet away and immediately applied his brakes but was unable to avoid striking them. The point of impact was about 6 feet south of the neutral ground. Scarborough's automobile stopped on the wet asphalt about 99 feet past the point of impact.
Other relevant facts are that plaintiffs were wearing dark clothes, and there was very little, if any, light where the accident occurred. A street light was approximately 200 feet away on the south side of Broad street. There were lights over the gasoline pumps in front of the Yellowjacket Cafe & Truck Stop, but these pumps were about 65 feet south of the street. The investigating officer testified these lights did not illuminate the area where plaintiffs were struck.
Our jurisprudence is now established that in order to apply the humanitarian doctrine of last clear chance, plaintiff must prove clearly 3 elements exist: (1) Plaintiff must be in a position of peril of which he is unaware, or from which he is unable to extricate himself; (2) the plaintiff must show that defendant actually discovered, or should have discovered, the plaintiff's peril; (3) at the time that defendant actually discovered or should have discovered plaintiff's peril, defendant must have a reasonable opportunity to avoid the accident. Breaux v. Meyers, 132 So.2d 77 (La.App. 3rd Cir. 1961); Jones v. Dozier, 160 So.2d 395 (La.App. 1st Cir. 1964); Maryland Casualty Company v. Allstate Insurance Company, 96 So.2d 340 (La.App. 2d Cir. 1957); Jackson v. Cook, 189 La. 860, 181 So. 195.
The short answer to the present case is that the doctrine of last clear chance does not apply because the second and third *501 elements listed above do not exist. Mr. Scarborough did not actually see the plaintiffs until they stepped into his lane of traffic only 10 feet away and it was then too late to avoid the accident. Under all of the circumstances, we don't think he should have seen them any sooner. On this point, the evidence fully supports the following finding of fact by the trial judge:
"The undisputed facts set out above do not justify a definite conclusion that the driver was negligent in the operation of the automobile. Scarbraugh was proceeding at a normal rate of speed under these circumstances. This is a four lane through highway, with no traffic signals and no pedestrian cross walks at this point. The plaintiffs were dressed in dark clothing, crossing this unlighted street on a rainy night. The defendant was watching the street conditions ahead and when plaintiffs appeared in his view, it was physically impossible to avoid the accident. This Court concludes that Scarbraugh used the care required by law under these particular circumstances."
The principal argument of able counsel for plaintiffs is that Scarborough should have seen Sorrell and Carnes, as they walked across the west-bound traffic lane, and should have realized, in time to avoid the accident, that they were going to walk on across the neutral ground directly into Scarborough's path. This argument falls because its major premise is false, i. e., as we have already held above, Scarborough did not see, nor should he have seen the plaintiffs as they walked across the westbound traffic lanes.
A further answer to plaintiffs' argument is that even if Scarborough had seen plaintiffs walking across the westbound lanes toward the neutral ground, he had a right to assume they would not step across the neutral ground into Scarborough's path. The jurisprudence is established that when a motorist sees a mature, adult pedestrian, apparently in full possession of his faculties, in a position of safety, the motorist can assume that such a pedestrian will not leave this position of safety and step out directly into the motorist's path; and the motorist can rely on this presumption until some unusual action on the part of the pedestrian to indicate to the driver that the pedestrian is going to step into the path of the automobile. Jones v. Dozier, 160 So.2d 395 (La.App. 1st Cir. 1964); Newton v. Pacillo, La.App., 111 So. 2d 895; Accardo v. Grain Dealers Mutual Insurance Company, La.App., 151 So.2d 116.
Thus, in the present case, even if Scarborough had seen plaintiffs as they walked across the west-bound lanes of traffic, he would have seen two adult men, apparently in full possession of all of their faculties, walking in a normal manner, and could have assumed that they would at least stop at the neutral ground and not walk directly into Scarborough's path. The evidence does not show that plaintiffs were running or that they were acting in any unusual way which would have caused Scarborough to reasonably realize they were not going to stop at the neutral ground. Actually, the evidence does not show whether plaintiffs stopped at the neutral ground. It may be that they did, in which event, Scarborough could certainly have assumed they would stay there.
In a supplemental brief counsel for plaintiffs cites Biggs, v. Verbois, 151 So.2d 172 (La.App. 1st Cir. 1963) where an 11 year old girl on a bicycle rode through a stop sign at an intersection and went 26 feet past the stop sign into the path of defendant's automobile. It was broad daylight and the court held defendant should have seen the child as she entered the intersection and should have realized at that time the child probably was not going to yield the right of way.
The many distinctions between the Biggs case and the present matter are obvious. Most important is that the plaintiff in the
*502 Biggs case was an 11 year old girl and she was riding a bicycle, which could not be easily stopped. There was a strong dissent but the majority felt the defendant should have seen this little girl and should have realized she was not going to stop her bicycle in time for defendant to avoid the accident. In the present case, we have 2 grown men who were walking in a normal manner and no indication whatever that they were going to leave their position of safety and recklessly step directly into the path of the oncoming automobile.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.