SAVOY, Judge.
This is an action in tort arising out of an automobile-pedestrian accident in Evangeline Parish, Louisiana. Kossuth C. Sally, (also spelled Kosuth C. Sales), was struck and killed by an automobile owned and being driven by the defendant, Joseph E. Guillory. Guillory’s liability insurer, New York Fire and Marine Underwriters, Inc., was joined as defendant. Plaintiffs are the six major children of the deceased, Kossuth Sally. They allege that their father was struck and killed on June 27, 1965, at 12:10 A.M., as he was walking in a southerly direction along Louisiana Highway 29 at a point 3.2 miles south of Ville Platte, Louisiana. It is alleged that Guillory was driving in a southerly direction along the highway, and the accident was caused by the negligence of Guillory in driving at an improper rate of speed, in failing to keep a proper lookout, in failing to keep his vehicle under proper control, and in proceeding in a careless manner in disregard of human life after he saw, or should have seen, Kossuth Sally walking along the highway.
The defendants filed an answer admitting insurance coverage, and admitting that Guillory’s car struck and killed Kossuth Sally, but denying liability and all other material allegations of the plaintiffs’ petition. It was alleged that the accident was unavoidable as the decedent stepped in front of the automoblie driven by Guillory under circumstances which rendered it impossible for Guillory to have avoided the accident. It is further alleged in the alternative that Kossuth Sally was contribu-torily negligent.
*430 After trial on the merits, judgment was rendered for defendants, rejecting plaintiffs’ demands. From this adverse judgment, three of the six plaintiffs have appealed to this Court.
The record shows that the accident occurred on June 27, 1965, at approximately 12:30 A.M. in a rural area on Louisiana Highway No. 29 at a point approximately 3.2 miles south of Ville Platte in Evangeline Parish. Kossuth Sally, age 76, was walking in a southerly direction along the highway. He died almost instantly after being struck by an automobile owned and being driven by Joseph E. Guillory, also in a southerly direction. Louisiana Highway 29 is paved with asphalt blacktopping, and at the time of the accident, the weather was clear and the road dry. The accident happened at night and no other cars were in the area at the time. At the point of the accident, the road was straight and level, although there was a curve which ended approximately 250 feet to the north of the point of the accident. The major point of impact on the car was at the lower left hand corner of the windshield, where the decedent’s head had apparently struck and broken it. There was no dent on the hood or fenders of the automobile, although the dust on the car was brushed away along the left front fender. The record does not show other injuries to decedent’s body, and his death was apparently caused by the injury to his head. After the accident, the decedent’s body came to rest crossways in the highway entirely within the northbound lane of traffic, with his head on the center line and his feet toward the east. He was wearing dark clothing.
The only eye witness was the defendant, Joseph E. Guillory. He testified that he always drove slowly, particularly at night, because of his age (65 years) and health (heart condition) and because he had once hit a calf. He was driving about 35 or 40 miles per hour going from Ville Platte to Eunice, and had his headlights on “dim”, as he had met other cars along the highway several minutes before the accident. He testified he thought he saw someone walking in the left lane of traffic, also in a southerly direction, and he slowed to about 30 miles per hour. He was about 145 feet away at the time. He testified he continued on, driving slowly, since the person was not in his lane, and that as he came near the decedent, the decedent turned to the right and walked into the path of the car. He testified he had no time to do anything at this point, and that it appeared the decedent walked or jumped right in front of him.
Although a deputy sheriff testified that Guillory gave a slightly different version of the accident, the investigating state trooper testified that Guillory related the same version of the accident when he questioned Guillory immediately following the accident.
Plaintiffs maintain that the doctrine of last clear chance is applicable to the facts of this case. It is maintained that the facts show that the decedent was in the process of crossing the road from the shoulder on the east side, and there was no reason why Guillory could not have seen him and have avoided the accident. It is urged that the evidence shows that Guillory saw the decedent, or what he thought was decedent, at a distance of 145 feet or more, and then did not see him again until the moment of the accident. Under these facts, it is maintained that Guillory should have discovered decedent’s peril and could have easily avoided the accident, since he was driving slowly, there was no oncoming cars or other distractions, and there was nothing to obstruct his view.
The defendants maintain that the finding of fact as made by the district court was correct, and that the decedent was not in a position of peril as he walked in a southerly direction along the northbound lane of the highway. It is urged that Guillory had a right to assume the decedent would remain in the other lane in a position of safety and was reason *431 able in continuing forward as he did. It is argued that when the decedent made the first move indicating he would place himself in a position of danger, that Guillory was then unable to do anything to avoid the accident.
Our jurisprudence is now established that in order to apply the humanitarian doctrine of last clear chance, plaintiff must prove clearly three elements exist: (1) plaintiff must be in a position of peril of which he is unaware, or from which he is unable to extricate himself; (2) plaintiff must show that defendant actually discovered, or should have discovered plaintiff’s peril; (3) at the time that defendant actually discovered or should have discovered plaintiff’s peril, defendant must have a reasonable opportunity to avoid the accident. Sorrell v. Allstate Insurance Company, (La.App., 3 Cir., 1965), 179 So.2d 499; Breaux v. Meyers, (La.App., 3 Cir., 1961), 132 So.2d 77; Jones v. Dozier, (La.App., 1 Cir., 1964), 160 So.2d 395; Maryland Casualty Company v. Allstate Insurance Company, (La.App., 2 Cir., 1957), 96 So.2d 340; and Jackson v. Cook, 189 La. 860, 181 So. 195.
After a careful review of the record, we find that the doctrine of last clear chance does not apply to the facts of this case.
The only eye witness was the defendant, Joseph E. Guillory, whose version of the accident is substantiated by the investigating officer who questioned Guillory after the accident. The evidence supports a finding of fact that decedent was observed by Guillory walking in a southerly direction in the northbound lane of the highway, and that he did not turn to cross the southbound lane until Guillory was almost abreast of decedent. The evidence shows that the vehicle was within its proper lane of traffic on the highway at the time of the accident. The point of impact on the car, the lower left hand corner of the windshield, indicates that the decedent attempted to cross the southbound lane at a time when the car was very near, otherwise, the impact would have occurred on the front of the car, and the decedent would have received other injuries, in addition to the blow to the head. Under these facts, the decedent was not in a position of imminent peril until such time as he turned and stepped into the path of Guillory’s car. At this moment, Guillory did not have a reasonable opportunity to avoid the accident.
The facts of this case do not show that the decedent was in a position of peril when Guillory first observed him. It is not unusual for persons to walk along a road in rural areas. Decedent was in the other lane, there was no oncoming traffic, and there was no evidence of any unusual behavior on decedent’s part. Guillory’s headlights would be noticed by decedent. Under these circumstances, Guillory could proceed at a reasonable speed under the assumption that the decedent would not leave a position of safety and step across the center line into the path of the vehicle.
In the case of Sorrell v. Allstate Insurance Company, supra, this Court stated at 179 So.2d page 501, that:
“ * * * The jurisprudence is established that when a motorist sees a mature, adult pedestrian, apparently in full possession of his faculties, in a position of safety, the motorist can assume that such a pedestrian will not leave this position of safety and step out directly into the motorist’s path; and the motorist can rely on this presumption until some unusual action on the part of the pedestrian to indicate to the driver that the pedestrian is going to step into the path of the automobile. Jones v. Dozier, 160 So.2d 395 (La.App. 1st Cir. 1964); Newton v. Pacillo, La.App., 111 So.2d 895; Accardo v. Grain Dealers Mutual Insurance Company, La.App., 151 So.2d 116.”
The facts of each particular case must be examined to determine whether the pedestrian is in a position of peril or has taken some unusual action sufficient to alert a *432 motorist of danger. The degree of care and lookout required of the motorist would vary according to the facts. If we were to accept the version of the accident urged by plaintiffs, then the doctrine of last clear chance would have applied in this case. However, there was only one eye witness, the defendant Guillory, and in view of the evidence presented, we find no manifest error in the finding of facts or application of law by the district court.
For the reasons assigned, the judgment of the district court is affirmed, and all costs of appeal are assessed against plaintiffs.
Affirmed.