ELLIS, Judge.
Plaintiff Wanda Virginia Williamson was injured in an automobile accident which happened on the Airline Highway in East Baton Rouge Parish, Louisiana, on March 13, 1964, at about 4:00 P.M. Miss Williamson was riding as a guest passenger in her mother’s automobile, when it was brought to a stop because of a school bus stopped in the road to discharge passengers. While so stopped, the Williamson vehicle was struck from the rear by a car which had in turn been struck from the rear by a Studebaker owned and operated by Levi F. Price, one of the defendants herein. Miss Williamson was not injured in this accident
However, a few minutes after the accident, Miss Williamson was injured when struck by a Dodge Station Wagon, owned and operated by Clarence J. Melancon.
Suit was filed by Miss Williamson against Price and his liability insurer, Maryland Casualty Company; Melancon and his insurer, Aetna Insurance Company; and against Southern Barber and Beauty Supply Co., Inc., which was alleged to be Melan-con’s employer. From a judgment dismissing her suit, plaintiff brings this appeal.
The evidence is that shortly after the first accident, Miss Williamson was walking along the edge of the highway next to the median strip which separates the Northbound and the Southbound lanes of traffic. When she came to the Price Studebaker, it was necessary for her to step out onto the highway to get around the front end, which protruded a few inches over the edge of the pavement. As she did so, she was struck by the Melancon vehicle, causing *764 the injuries complained of. Miss Williamson testified that she never did see the Melancon car.
Melancon stated that he was driving his car slowly along the highway, and that his attention was drawn to a police car parked to his left on the neutral ground. As he looked back to the front, he saw Miss Williamson, but did not have time to avoid striking her. His vehicle left approximately 25 feet of skid marks, and came to rest about 20 feet past the point of impact.
Every other witness to the accident testified that Miss Williamson stepped out in front of the Melancon car just before it hit her, and that the accident happened within a split second.
The trial court found that the accident happened because of the inattention of both Mr. Melancon and Miss Williamson. He found Mr. Melancon to be negligent for failure to keep a proper lookout, and Miss Williamson contributorily negligent for stepping into the path of the oncoming vehicle.
The only assignment of error made by appellant is that the trial court failed to find that Mr. Melancon had the last clear chance to avoid the accident.
The latest expression of the law relative to the doctrine of last clear chance is set forth in the recent case of Sales v. Guillory, 188 So.2d 429 (La.App.1966), in which it is stated as follows:
"Our jurisprudence is now established that in order to apply the humanitarian doctrine of last clear chance, plaintiff must prove clearly three elements exist: (1) plaintiff must be in a position of peril of which he is unaware, or from which he is unable to extricate himself; (2) plaintiff must show that defendant actually discovered, or should have discovered plaintiff’s peril; (3) at the time that defendant actually discovered or should have discovered plaintiff’s peril, defendant must have a reasonable opportunity to avoid the accident. Sorrell v. Allstate Insurance Company, (La.App. 3 Cir., 1965), 179 So.2d 499; Breaux v. Meyers, (La.App., 3 Cir. 1961), 132 So.2d 77; Jones v. Dozier, (La.App., 1 Cir., 1964), 160 So.2d 395; Maryland Casualty Company v. Allstate Insurance Company, (La.App., 2 Cir., 1957), 96 So.2d 340; and Jackson v. Cook, 189 La. 860, 181 So. 195.”
The evidence in this case makes it clear that the doctrine is not applicable here. All of the testimony shows that Miss-Williamson stepped in front of the Mel-ancon car at the last spilt second before she was hit. Clearly, the driver had no opportunity to discover her predicament in time to avoid striking her.
The judgment of the trial court is correct and fully supported by the evidence, and is hereby affirmed, with all costs of this appeal taxed to appellant.
Affirmed.