CULPEPPER, Judge
(dissenting).
The majority opinion sets forth the three essentials of the doctrine of last clear chance, which are now firmly established in our jurisprudence. The only issue in this case is whether the first listed requirement is satisfied, i.e., was the pedestrian in a position of peril, of which he was unaware, as he ran along the side of this long narrow bridge. For, if such a peril existed, there is no question that the last two essentials of the doctrine are satisfied, i.e., the defendant actually discovered the boy’s peril in time to avoid the accident.
The majority has concluded that “young Thomas was not in a position of peril until the moment he turned to his left and started to run in front of defendant’s oncoming car. Prior to that time he was in a position of safety.” I cannot agree.
As I visualize the situation, we have a young boy with a fishing pole in one hand and a can of bait in the other, running along the railing on the right-hand side of a long narrow bridge. The railing prevented him from getting off the bridge. Defendant approached the bridge at a speed of about 45 miles per hour and saw the boy, with his back toward defendant, obviously unaware of defendant’s approach. Defendant also saw the unknown vehicle approaching from the opposite direction. Instead of slowing down or blowing his horn, as I think any reasonably prudent driver would have done under the circumstances, the defendant continued at the same speed until the boy suddenly turned to his left and ran in front of defendant’s car, at which time of course it was too late to avoid the accident.
The majority relies on those cases holding that the last clear chance doctrine does not apply where the pedestrian is in a position of safety which he suddenly leaves at a time when it was too late for the motorist to avoid an accident. For instance, the majority cites Sales v. Guillory, 188 So.2d 429 (La.App.3d Cir.1966), where a motorist was driving south in his proper lane at 35 to 40 miles per hour, in a rural area, when he observed the deceased walking in a southerly direction in the northbound lane of traffic. There was no oncoming traffic and there was no evidence of any unusual behavior on the decedent’s part. Under those circumstances, we held that the decedent was in a position of safety and that there was no peril until he suddenly turned to the left and walked into the path of the motorist. We cited the line of cases dealing with a pedestrian who is standing on the side of the highway and suddenly steps into the path of an automobile.
In my view, the cited cases are readily distinguishable from the present matter. The young pedestrian in this case was not in a position of safety on the side of the highway or in another lane of traffic. He was running in the middle of a long narrow bridge, next to a high railing along the driver’s right-hand side. A vehicle was approaching from the opposite direction. Any reasonable person would have realized this was a situation fraught with danger and would have slowed down or blown his horn to warn the boy.
For the reasons assigned, I respectfully dissent.
TATE, J., concurs in this dissent.