233 So.2d 23 (1970)
Frankie Ricard ST. AMANT, and Pomphile St. Amant
v.
The TRAVELERS INSURANCE COMPANY.
No. 3821.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1970.
Elsie B. Halford, Metairie, for plaintiffs-appellants.
Ignatz G. Kiefer of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee.
Before SAMUEL, DOMENGEAUX and SWIFT, JJ.
DOMENGEAUX, Judge.
This is a suit in tort resulting from a pedestrian-automobile accident which occurred on August 15, 1966, at approximately 8:00 a. m., at the intersection of North Galvez and Dumaine Streets in the City of New Orleans. The two streets intersect at right angles with Dumaine running generally *24 north and south and North Galvez running generally east and west. At the time of the accident Dumaine was designated for one-way traffic running north, or in the direction of Lake Pontchartrain, whereas North Galvez was geared for two-way traffic. The intersection was controlled by four traffic signal lights of the individual standard type, one on each corner.
Plaintiff-pedestrian, Mrs. Frankie St. Amant, alleges that as she was crossing North Galvez Street, proceeding from the southwest corner to the northwest corner she was struck by a westbound 1966 Ford Falcon automobile which was owned by one Jean Duroncelet and driven by one Ralph A. Romain, Jr. She alleges that she proceeded to cross the street with the benefit of a green signal light in her favor when she was struck by the aforementioned vehicle which ran a red light. Defendant, on the other hand, alleges that Ralph A. Romain, Jr., the driver of the insured vehicle was traveling west on North Galvez Street and proceeded into the intersection with a green light at which time the plaintiff-pedestrian, disregarded Romain's right of way, suddenly and without warning and with her head down, darted into the left side of the vehicle which he was driving. Mrs. St. Amant sues for personal injuries, and her husband Pomphile St. Amant joins her in this suit seeking medical expenses incurred by his wife as a result of the accident. The only defendant is Travelers Insurance Company, the liability insurance carrier of the owner of the vehicle.
At the conclusion of the trial, the presiding judge dismissed plaintiffs' suit and rendered oral reasons therefor which have been transcribed and are included in the record. Plaintiffs have appealed from this adverse judgment.
In his oral reasons, the trial judge stated that from the believable evidence which he heard the plaintiff Mrs. St. Amant proceeded into the intersection while running with her head down and ran into the side of the defendant vehicle, and further that the driver of the defendant vehicle had proceeded into the intersection at a safe rate of speed with the green light in his favor and that the driver, in proceeding in a cautious manner, stopped his vehicle almost immediately upon seeing the plaintiff pedestrian and did everything that he could to avoid the accident including pulling to his right towards the curb. The trial court also stated that a "so-called disinterested" eyewitness who testified could not positively say what color the light was but simply wanted to deduce that it was green for the plaintiff.
It is well established in our jurisprudence that the factual conclusions of the trial judge are entitled to great weight and will not be disturbed in the absence of manifest error. Spinks v. Brown, La.App., 216 So.2d 856; Hubal v. Bodin, La.App., 216 So.2d 322.
A review of the testimony in this case satisfies us that the conclusions of the trial judge are correct.
The driver of the vehicle, Ralph A. Romain, Jr., testified that he was driving the aforementioned automobile on North Galvez Street at a speed of approximately 20 miles per hour and that as he approached the intersection of North Galvez and Dumaine Streets he reduced his speed to approximately 15 miles per hour, stating emphatically that as he entered the intersection the traffic light standards were green in his favor and that suddenly and without warning, Mrs. Frankie St. Amant, with her head down came running into the intersection and that he immediately applied his brakes and attempted to pull to his right, toward the curb but, notwithstanding was unable to prevent Mrs. St. Amant from running into the left side of his car, striking the car near the door and breaking the small side view mirror which was located in that area. Mrs. St. Amant although attempting to convey the impression that the green light was in her favor, nevertheless *25 admitted that she did not see the defendant's vehicle approaching prior to the impact and further admitted that she did not look to her right, this being the direction from which the vehicle was coming. Upon cross-examination it was shown that she had not looked at the traffic signal before entering the roadway. She stated that she knew the traffic light was green for her inasmuch as she looked at the traffic standard over her shoulder on the corner where she was standing. However, the photographs introduced into evidence and her testimony clearly indicate that it was not possible for Mrs. St. Amant to observe the traffic light standard directly over her because of its construction and in that connection she admitted that she did not attempt to look at any of the other three traffic standards at the intersection. The photographs clearly show that the traffic signals are covered with projection shields which prevent a pedestrian from seeing the color of the light when standing in a position below that particular traffic signal.
The investigating officer, Patrolman Earl H. Boudreaux, testified that the speed limit on North Galvez Street was 30 miles per hour and testified, without objection, that he estimated the speed of the defendant's vehicle to be 15 miles per hour. He found six feet of skid marks left by the defendant's vehicle and estimated that the automobile had traveled approximately six feet after impact. He related that the damage to defendant's vehicle was on the left side between the front and rear wheels where the side view mirror had been broken.
Plaintiffs called Mrs. Leanna Walker as a witness to the accident. Mrs. Walker testified that she was in her yard across the street from where Mrs. St. Amant began to cross the intersection. Her testimony substantiates defendant's position that Mrs. St. Amant struck the left side of defendant's vehicle approximately in the middle of the automobile rather than Mrs. St. Amant having been struck with the front of the vehicle.
A review of Mrs. Walker's testimony leads us to the same conclusion as the trial judge to the effect that she could not say what color the light was but simply wanted to deduce that it was green for the plaintiff.
Under our jurisprudence a pedestrian is charged with the duty of observing approaching traffic on attempting to cross a street or roadway. Burnett v. Marchand, La.App., 186 So.2d 383; Wall v. Great American Indemnity Co., La.App., 46 So.2d 655. It is also well established that a motorist may rely on the assumption that a pedestrian will not endanger himself by darting into the roadway or street into the path of moving vehicles. Sorrell v. Allstate Insurance Company, La.App., 179 So. 2d 499, as well as Sales v. Guillory, La. App., 188 So.2d 429.
Under the above facts we readily conclude that the plaintiff, Mrs. Frankie St. Amant was guilty of negligence proximating the accident and that the driver Romain was proceeding into the intersection with the benefit of a green light in a cautious manner and that he stopped his vehicle instantaneously upon seeing Mrs. St. Amant proceeding hastily toward his vehicle with her head down. He did everything he could to avoid the accident but, unfortunately, under the circumstances could not.
Plaintiff suggests alternatively, that in the event Mrs. St. Amant should be charged with negligence, that the driver of the vehicle is likewise negligent, thereby allowing the doctrine of the last clear chance to be applied. In order to apply this doctrine there must be negligence on the part of both parties. Connecticut Fire Ins. Co. v. Illinois Central R. Co., La.App., 212 So.2d 716. Since we have concluded that the defendant was in no way negligent, *26 the doctrine of last clear chance is not applicable herein.
For the reasons assigned the judgment of the district court is affirmed at appellants' cost.
Affirmed.