HEARD, Judge.
Emmanuel Poret, Jr. brought this action individually and on behalf of his minor child, Barry, for personal injuries received by the boy when he was struck by a car as he was crossing a road. Defendants are Florence W. Spencer, driver of the car, H. Frank Spencer, her husband, and The Employers’ Liability Assurance Corporation, Ltd., Poret’s insurer, being sued under its uninsured motorist coverage. The Employers’ answered claiming plaintiffs were not entitled to recover under the policy as the boy’s negligence was the sole cause of the accident, or that he was contributorily negligent. In addition, the company filed a third party demand against the Spencers for reimbursement if found liable under its coverage. The Spencers answered with a general denial alleging the negligence of *691 Barry Poret and pled contributory negligence. They also denied the allegations of the third party petition.
Judgment was rendered for defendants against plaintiffs rejecting their demands, and in favor of the Spencers against The Employers’ on its third party demand. The trial judge found Barry Poret negligent in running or trotting out into the road without observing the Spencer vehicle at a point which was neither a cross walk nor an intersection. He further found no negligence on Mrs. Spencer’s part and did not apply the doctrine of last clear chance. Plaintiffs then perfected this appeal. The Employers’ also appealed to protect its right to recover against the Spencers in the event the decision of the lower court is reversed.
The accident occurred on January 7, 1972, at approximately 3 o’clock P.M. within the city limits of Mansfield, Louisiana on Louisiana Highway 175, a two lane black top road running north-south. Prior to the accident, Mrs. Poret had picked up Barry at school and was proceeding toward Mansfield in a southerly direction behind a school bus. She was trying to catch the bus to get her nephew off and take him home with them. The bus pulled completely into a driveway on the east side of the highway and stopped to discharge two children.
Mrs. Poret pulled completely off the road on the west side opposite the school bus. Barry got out of the car on the right side and went around to the left rear to the western edge of the pavement. He waited for at least two southbound cars to pass, then started to trot across the road. He crossed the southbound lane and had entered the northbound lane when struck by a 1971 Lincoln Continental being driven by Mrs. Spencer.
Plaintiffs’ first contention is that Mrs. Spencer was negligent per se for failing to stop for the school bus in violation of LSA-R.S. 32:80 which states:
“A. The driver of a vehicle upon a highway meeting or overtaking from any direction any school bus which has stopped or is about to stop on the highway for the purpose of receiving or discharging any school children shall stop the vehicle before reaching such school bus when there is in operation on said school bus a visual signal composed of either a flag or warning lamps, or similar warning device, and said driver shall not proceed until such school bus resumes motion or is signalled by the school bus driver to proceed, or the visual signals are no longer actuated.
“B. Every bus used for the transportation of school children shall bear upon the front and rear thereof plainly visible signs containing the words ‘SCHOOL BUS’ in letters not less than eight inches in height,, and in addition shall be equipped with visual signals meeting the requirements of R.S. 32:318, which shall be actuated by the driver of said school bus whenever, but only whenever, such vehicle is stopped, or is about to stop, on the highway for the purpose of receiving or discharging school children.” (Emphasis supplied)
We find this statute inapplicable, as did the trial court. It is clear from the evidence that the bus was entirely in the Binning driveway and not on the highway during the above sequence of events. Mrs. Spencer was under no duty to stop before reaching the bus, even though its warning lights were on, and it was in close proximity to the road.
Mrs. Spencer’s negligence is further alleged in that she failed to maintain a proper look out, was traveling at an excessive rate of speed under the circumstances, took no evasive action, and did not have proper control of her vehicle. We find these allegations without merit. The evidence is to the effect that Mrs. Spencer was traveling about. 25-30 mph in a 40 mph zone and was exercising due care. *692 Her testimony is supported by the investigating officer. She further testified she met oncoming traffic and then suddenly saw Barry dart across into her path. She immediately applied her brakes and, according to the officer, skidded SO feet to stop. Mrs. Spencer did all she could to avoid the accident under the circumstances.
There is no question but that Barry Poret’s actions were negligent. At the time of the accident, he was a few days away from his sixteenth birthday, and while there are indications he had the maturity and capacity of only a twelve year old, he was not a child incapable of negligence. Both he and his mother testified they looked both ways and failed to see the Spencer vehicle. It is possible the last southbound vehicle blocked both his and Mrs. Spencer’s view, as she testified she did not see him until he was immediately in front of her. However, Barry was charged with the duty of observing approaching traffic in attempting to cross a street or roadway, which he breached. St. Amant v. Travelers Insurance Company, 233 So.2d 23 (La.App., 4th Cir. 1970). He could have certainly waited until the obstruction passed and he could clearly see in that direction. Even had he not seen the car when he began crossing the road, he certainly should have seen it upon reaching the center of the highway and stopped. He thus breached a further duty by not yielding the right of way to all vehicles on the highway as he was crossing at a point other than a marked cross walk or an unmarked cross walk at an intersection. LSA-R.S. 32:213(A) and see Naquin v. Callais, 191 So.2d 885 (La.App., 1st Cir. 1966). Barry’s failure to see what he should have seen and to yield the right of way constitute negligence which was the sole and proximate cause of the accident.
The doctrine of last clear chance has also been urged by plaintiffs. In order to apply it, there must be negligence on the part of both parties. Since we have concluded Mrs. Spencer was in no way negligent, the doctrine is inapplicable herein. St. Amant, supra, Connecticut Fire Insurance Company v. Illinois Central Railroad Company, 212 So.2d 716 (La.App. 4th Cir. 1968). Even if Mrs. Spencer was negligent, it is clear from the evidence that at the time she saw Barry in the northbound lane of traffic, she could not have avoided the accident.
Finding no manifest error in the judgment of the trial court, its decision will not be disturbed, and the judgment is hereby affirmed at plaintiffs’-appellants’ cost.