CHIASSON, Judge.
Plaintiffs appeal the judgment of the trial court dismissing their claims for damages as a result of the death of their minor daughter, Karin Schulze. Their sole specification of error is that the trial court erred in finding the defendant driver, Mrs. Lo-vett, not guilty of negligence when she saw the decedent, a pedestrian, crossing the highway and took no precautionary measures to avoid striking the pedestrian.
In written reasons for judgment the trial judge made the following findings of fact and conclusions:
“This suit arises out of an accident in which Karin Schulze, the fourteen year old daughter of plaintiffs, was struck and killed by an automobile driven by Defendant Linda Lovett. The accident occurred on May 20, 1976, around Noon, when Karin, Bridgett Benoit, Jennifer Crosslin, and Debby Manning were preparing to cross Hooper Road in Baton Rouge. Hooper Road is a heavily traveled two-lane blacktopped road running in an east-west direction. At the time she was struck, Karin was ‘running or walking fast’ from the north side of Hooper toward the south side; she and Bridgette had both crossed the westbound lane of traffic. Bridgette stopped at the center line; Karin did not.
“Mrs. Lovett testified that on the date of the accident she was traveling in an easterly direction on Hooper Road at approximately forty miles per hour and she first saw the girls when she was three to four car lengths away. She took her foot off the accelerator and Karin Schulze stepped into her lane when she was only one car length away.
“Mr. Julius Dupuy testified that he was driving a gravel truck in the westbound lane on Hooper Road. He stated that he first saw the girls when he was four hundred to five hundred feet away from them and at that time they were standing on the edge of the road. They began crossing the road when he was about three hundred feet away. He then blew his horn, braked and was able to stop in time to avoid hitting them. He witnessed the accident.
“All of the witnesses testified that on that date the traffic on Hooper Road was heavy. Mrs. Lovett testified there was more than one vehicle passing her, going in the opposite direction. Mr. Dupuy said he could not be sure if there were any gravel trucks ahead of him. All three girls testified there is always a lot of traffic on Hooper.
“One of plaintiffs’ own witnesses, Bridgette, testified that there was a truck in front of Mr. Dupuy’s truck, traveling in a westerly direction. She testified she first saw defendant’s ear before that truck passed and as the truck passed, it blotted out the car. After the truck passed, she and Karin began crossing the road. She stated, T saw it before it went to the center. I knew it was coming so I stopped and waited for it to pass.’
“All three girls testified that immediately prior to the accident Debby had yelled at Karin to come back but it was too late.
*1051 “After reviewing all the evidence and testimony very carefully, this Court has determined that Linda Lovett was not negligent and therefore is not liable to plaintiffs. Mrs. Lovett was confronted with an unavoidable situation. She was traveling at a rate of forty miles per hour in a forty-five mile per hour speed zone, well within the speed limit, when the two girls appeared from behind an oncoming truck. Under these circumstances, it was impossible for Mrs. Lovett to avoid striking Karin when she stepped into the eastbound lane of traffic.”
Hooper Road at the point of the accident was twenty feet in total width with narrow shoulders and was fairly straight and level. The accident occurred just across the center line in the eastbound lane of travel with the point of impact on the Lovett vehicle being located on the extreme left front fender.
All of the witnesses testified that Karin proceeded across the westbound lane of Hooper Road at a fast walk or a run. When Debbie yelled at her, Karin only hesitated momentarily and proceeded into the eastbound lane.
We find no manifest error by the trial court in its determination that the defendant, Mrs. Lovett, was not guilty of any act of negligence or omission that contributed to the accident. The evidence can reasonably be held to show that Karin crossed the westbound lane immediately behind a westbound gravel truck at a fast rate of travel; that the heavy traffic on Hooper Road and, in particular, the gravel truck, obstructed the view of Mrs. Lovett preventing her from seeing the girls on the side of the road; and that this resulted in Mrs. Lovett being unable to see Karin and Bridgette until they were near the center of the road at a time when she was too close to them to take any evasive action.
The case of Ingram v. McCorkle, 121 So.2d 303 (La.App. 1st Cir. 1960) relied upon by appellants is factually distinguishable. In that case the driver’s view of the roadway was totally unimpeded and clear. Further, the young girl in that case had crossed nineteen feet of the roadway (Hooper Road) prior to the collision, whereas, in this case, Karin Schulze had only traveled a little over ten feet of the roadway, just across the center line.
For these reasons the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.