GULOTTA, Judge.
Plaintiffs in this action are the driver and four occupants of an automobile which was *591 rear-ended by a NOPSI bus while stopped for a signal light at the intersection of South Claiborne and Carrollton Avenues in the City of New Orleans. Undisputed damages to the automobile amounted to $111.26. The sole issue on appeal is one of quantum with regard to the $2,000.00 general damage award rendered in favor of each plaintiff.
In claiming that the general damage awards are excessive, defendants draw attention to the facts that all of the injured plaintiffs complained of similar back pain, either to the cervical or lumbar areas; that all were administered practically the same course of treatment by the same physician for approximately the same amount of time; that all were discharged at approximately the same time; that all incurred approximately the same amount of medical expense;[1] and, that all sustained exactly the same amount in loss of earnings during a 15-week course of treatment from April 5, 1974 to July 19, 1974.
Plaintiffs, on the other hand, seek an increase from $2,000.00 to $3,000.00 in the general damage award to each claimant. According to plaintiffs, the severity of the impact to their automobile caused the vehicle to move forward 6 feet after the collision and resulted in their sustaining muscle spasms, back, neck and shoulder injuries requiring a course of treatment involving prescriptions for pain relievers, muscle relaxants, and the use of diathermy treatments and office visits to the physician (depending on the individual) on some 27 to 30 occasions.
According to Dr. Sam Charles Macaluso, the treating physician, plaintiffs sustained the following injuries:
1. Robert Sanders, driver of the automobile — lumbosacral strain resulting in moderate tenderness and spasm over the lower back area.
2. John Canty, seated in right front of the automobile — cervical sprain and bilateral trapezoid strain resulting in moderate tenderness and spasm over cervical and shoulder areas.
3. Michael Conner, seated in the center rear of the automobile — lumbar sprain and lumbosacral strain resulting in severe tenderness over lower back area and restriction of movement.
4. Joshua Berry, seated in the left rear of the automobile — lumbar sprain, more severe on left side and strain of the left trapezoid. Dr. Macaluso testified that Berry suffered moderate tenderness and severe spasm over the lower back area with moderate restriction of movement and mild tenderness and spasm over left shoulder area.
5. Larry Hudson, seated in the right rear of the automobile — cervical and lumbar strain resulting in moderate tenderness over the neck area with restriction in movement moderately over this area and moderate tenderness and spasm over the upper back area.
Only Sanders required the use of lumbo-sacral support.
When we consider the medical testimony, the course of treatment and the jurisprudential guidelines set forth in Canter v. Koehring Company, 283 So.2d 716 (La.1973); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Robinson v. Graves, 343 So.2d 147 (La.1977), we are compelled to conclude that the $2,000.00 general damage award for each of the plaintiffs is within the judicial discretion of the trial judge. Accordingly, we affirm.
However, to render a decree to that end without further comment upon the peculiar nature of this case would be an abdication of our appellate judicial responsibility. In a case such as this one, we feel a sense of futility in not being able to amend the judgment.
We cannot simply close our eyes to the fact (supported by the record) that legal advise was sought prior to medical care on *592 the same day that the accident occurred. Nor can we overlook similar injuries to five persons in the same or relatively close to the same areas of the anatomy. Further, we would be less than intellectually honest if we did not regard without suspicion virtually identical treatments administered to all five plaintiffs, on the same days,[2] at the same hours and resulting in the simultaneous discharge of all plaintiffs on the same date by the same physician. As pointed out in brief submitted by counsel for the defendants, “It should stretch the imagination of any reasonable person that such coincidence could be present.”
We do not consider plaintiffs’ testimony that only one automobile was available to all five plaintiffs for transportation a satisfactory explanation for the frequency and extent of treatment and same date of discharge for all plaintiffs.
We are mindful that we do not have the benefit of observation of the demeanor of the witnesses and that we are not to substitute our judgment for the reasonable conclusions reached by the trial judge. We recognize also that no contrary medical evidence was presented by defendants. Nevertheless, we believe that the suspicious circumstances call for a substantial reduction of the general damage awards granted by our learned brother on the trial court. However, we are admonished not to substitute our judgment for that of the trial judge. See Canter v. Koehring Company, supra. Were it not for the requirements of the jurisprudence cited above, we would deem a proper general damage award to each of the plaintiffs, under the circumstances, to be the sum of $300.00. In view of the controlling law, however, we have no choice but to affirm the judgment of the trial court awarding a $2,000.00 general damage award to each of the plaintiffs.

AFFIRMED.

SCHOTT, J., concurs.
STOULIG, J., dissents.

. The medical bills of the plaintiffs were as follows: Sanders, $350.00; Canty, $340.00; Hudson, $350.00; Conner, $380.00; Berry, $360.00.

. Virtually all of the time missed by plaintiffs from work was occasioned by their visits to Dr. Macaluso. Plaintiffs all worked for the same employer.