BARRY, Judge,
dissents in part.
I cannot agree with the majority conclusion “that $300 is the highest possible award for such soft tissue injuries” based upon the facts of Sanders v. Hall, 350 So.2d 262 (La.App. 4th Cir. 1977). In Sanders five people were occupants of a vehicle which was rear-ended by a bus that caused $111.26 damage to the automobile. All five claimed soft tissue injuries, were treated by a physician whose opinions have been questioned by this Court, all five claimants had the same number of diathermy treatments, none were x-rayed, and all were discharged on the same day. On remand from our Supreme Court the original award of $2,000 (345 So.2d 590) to each of the five plaintiffs was reduced to $300 to each plaintiff because of the . suspicious similarity of soft tissue injuries. ...” (emphasis added).
The present matter was heard by a jury. Plaintiffs’ vehicle was struck by defendant’s eighteen wheel tractor-trailer truck causing substantial impact. Two of the minor plaintiffs in the back seat were thrown into the front seat and “were bruised pretty bad” and the other child in the . front seat received a facial laceration and bruises. The testimony conflicts as to whether the children were taken to a hospital, but their *1293 mother (the driver testified they did go to the hospital after the accident and her testimony was obviously accepted by the jury which awarded $10,000 to each child. Conceded there is no medical testimony on the children’s injuries, but there is no suspicion that the children pretended to be hurt. The mere fact that plaintiff failed to produce medical testimony cannot exclude recovery for injuries. Pereira v. Herbert, et al, 59 So.2d 729 (Orleans App.1952). It is not controverted that the children were badly bruised, one child received a laceration, and another child experienced nightmares regularly since the accident.
I therefore find that the impact in Sanders v. Hall, supra, was much less severe than the type of traumatic impact experienced by these children. I agree with the award of $10,000 to the minor (Sonia) for suffering nightmares more than three years following the accident. However, as to the other two awards, Reck v. Stevens, 373 So.2d 498 (La.1979) requires that if the much discretion of the trial court is abused, then the award should be lowered to the highest point which is reasonable.
Soft tissue injuries, by their very nature, are often extremely painful, can be extensive (as here), and their duration prolonged depending upon location and depth of the injury. I feel the majority erred in applying an ironclad conclusion that $300 is the highest possible award for soft tissue injuries using the inapplicable factual comparison found in Sanders v. Hall, supra. I have articulated why I feel my brethren have abused their appellate discretion in reducing the $10,000 awards to $300 for each child. Considering the evidence in this record, the type of injuries sustained, and the status of the children, for the above reasons which include abuse of appellate discretion in reducing the jury award, I feel these two children (Christy and Clara) require an appropriate award of $2,500 for each child.